EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Luis O. Souffront Ramírez<br>Efraín Sierra Morales<br>Ana V. Piñero Parés<br>Jazmín G. Torres Lugo<br>Félix Jaime Cristiá Martínez | 2016 TSPR 123<br><br>195 DPR \_\_\_\_ |

Número del Caso: TS-8,889
              TS-8,426
              TS-14,587
              TS-8,922
              TS-5,290

Fecha: 3 de junio de 2016

Programa de Educación Jurídica Continua

        Hon. Geisa M. Marrero Martínez
        Directora Ejecutiva

        Lcda. Yanis Blanco Santiago
        Directora Ejecutiva


Materia: Conducta Profesional –

**TS-8,889**
La suspensión será efectiva el **8 de junio de 2016,** fecha en que se le notificó por correo al abogado de su suspensión inmediata.

**TS-8,426**
La suspensión será efectiva el **8 de junio de 2016,** fecha en que se le notificó a la abogado de su suspensión inmediata

**TS-14,587**
La suspensión será efectiva el **9 de junio de 2016,** fecha en que se le notificó a la abogada de su suspensión inmediata

**TS-8,922**
La suspensión será efectiva el **7 de junio de 2016,** fecha en que se le notificó por correo a la abogada de su suspensión inmediata.

**TS-5,290**
La suspensión será efectiva el **7 de junio de 2016,** fecha en que se le notificó por correo al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

| | |
|---|---|
| Luis O. Souffront Ramírez | TS-8889 |
| Efraín Sierra Morales | TS-8426 |
| Ana V. Piñero Parés | TS-14587 |
| Jazmín G. Torres Lugo | TS-8922 |
| Félix Jaime Cristiá Martínez | TS-5290 |

*PER CURIAM*

En San Juan, Puerto Rico, a 3 de junio de 2016.

Nos vemos forzados a ordenar la suspensión indefinida de varios miembros de la profesión legal que incumplieron con los requisitos del Programa de Educación Jurídica Continua (PEJC) e hicieron caso omiso a los requerimientos del PEJC y de este Tribunal.

I.

A. TS-8889

El Lcdo. Luis O. Souffront Ramírez fue admitido

al ejercicio de la abogacía el 5 de enero de 1988.[1] El 7 de mayo de 2015, la entonces Directora del PEJC, Lcda. Geisa M. Marrero Martínez, presentó ante nosotros un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*. Informó que el licenciado Souffront Ramírez incumplió con los requisitos del PEJC durante los periodos de 1 de junio de 2007 al 31 de mayo de 2009 y de 1 de junio de 2009 al 31 de mayo de 2011.[2] Debido a lo anterior, el 13 de julio de 2009 y el 8 de septiembre de 2011 el PEJC le envió avisos de incumplimiento para los periodos 2007-2009 y 2009-2011, respectivamente. A pesar de que en ambos avisos una de las alternativas que se le otorgó fue tomar los cursos dentro de un término adicional de sesenta (60) días, el licenciado Souffront Ramírez no tomó los cursos adeudados, ni pagó la cuota por cumplimiento tardío.

En consecuencia, el 17 de mayo de 2011 y el 31 de enero de 2014, el PEJC lo citó a vistas informales por su incumplimiento con los periodos 2007-2009 y 2009-2011,

---

[1] Surge del expediente que el Lcdo. Luis O. Souffront Ramírez prestó juramento como notario el 19 de agosto de 1988 pero renunció al notariado mediante carta de 28 de octubre de 1991 por motivo de su traslado a los Estados Unidos. La renuncia fue autorizada a través de nuestra Resolución de 22 de noviembre de 1991, una vez tomamos conocimiento de que su obra notarial fue examinada, aprobada y entregada al Archivo General de Protocolos del Distrito Notarial de San Juan. En esa Resolución también dimos por terminada la fianza otorgada por el Colegio de Abogados de Puerto Rico.

[2] Según el Informe presentado, el licenciado Souffront Ramírez también incumplió con los requisitos del PEJC correspondientes al periodo de 2011-2013. El *Aviso de Incumplimiento* relacionado a dicho periodo se notificó a la dirección que surge de RUA y también fue devuelto por el servicio postal. Posteriormente, se reenvió a la dirección postal personal que surge de Registro Único de Abogados y Abogadas del Tribunal Supremo (RUA). Cabe mencionar que con relación a este periodo no se ha citado al licenciado Souffront Ramírez a una vista informal.

respectivamente. Ambas citaciones se enviaron a la dirección de notificación que surge del Registro Único de Abogados y Abogadas del Tribunal Supremo (RUA) pero fueron devueltas por el servicio postal.[3] El licenciado Souffront Ramírez no compareció a las vistas y en ambos casos el PEJC le notificó la *Determinación de la Directora Ejecutiva*, en la cual se le concedió un término de treinta (30) días para cumplir con los créditos.

Ante la actitud pasiva del licenciado Souffront Ramírez en cuanto a los requerimientos del PEJC, el asunto se refirió a este Tribunal para que tomáramos conocimiento de la situación y le concediéramos un término final al licenciado Souffront Ramírez para subsanar la deficiencia.

El 21 de julio de 2015 emitimos una Resolución en la cual le concedimos al licenciado Souffront Ramírez un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y por no comparecer ante éste cuando le fue requerido. La Resolución se notificó a tres direcciones distintas que surgían de RUA y todas fueron devueltas por el correo. Al presente, el licenciado Souffront Ramírez no ha comparecido.

---

[3] En cuanto a la notificación enviada el 17 de mayo de 2011, la correspondencia devuelta indicaba lo siguiente: "Return to Sender, Insufficient Address, Unable to Forward". Ésta se reenvió por correo postal a otra dirección que surgía del RUA. Por su parte, la notificación del 31 de enero de 2014, fue devuelta con el siguiente mensaje: "Return to Sender, Attempted not Known, Unable to Forward". Ésta también se reenvió sin éxito al número de fax que surgía de RUA.

B. TS-8426

El Lcdo. Efraín Sierra Morales fue admitido al ejercicio de la abogacía el 14 de agosto de 1986 y prestó juramento como notario el 18 de febrero de 1987. El 29 de enero de 2015, la entonces Directora del PEJC, licenciada Marrero Martínez, presentó ante nosotros un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*. Señaló que el 23 de junio de 2011 el PEJC le envió al licenciado Sierra Morales un *Aviso de Incumplimiento* porque no cumplió con los requisitos del Programa durante el periodo de 1 de mayo de 2009 al 30 de abril de 2011.[4] A pesar de que en el aviso una de las alternativas que se le otorgó fue tomar los cursos dentro de un término adicional de sesenta (60) días, el licenciado Sierra Morales no tomó los cursos adeudados, ni pagó la cuota por cumplimiento tardío.

En consecuencia, el 31 de enero de 2014 el PEJC lo citó a una vista informal a celebrarse el 25 de febrero de 2014. El licenciado Sierra Morales no compareció a esa vista y el PEJC le notificó la *Determinación de la Directora Ejecutiva* y le concedió un término de treinta (30) días para cumplir con los créditos. Posteriormente, y en vista de la actitud pasiva del licenciado Sierra Morales, el asunto se refirió a este Tribunal para que

---

[4] Cabe mencionar que, según el Informe presentado, el licenciado Sierra Morales también incumplió con los requisitos del PEJC durante el periodo de 2011-2013, pero no se había citado a una vista informal.

tomáramos conocimiento de la situación y le concediéramos un término final para subsanar la deficiencia.

El 17 de febrero de 2015, emitimos una Resolución en la cual le concedimos al licenciado Sierra Morales un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y por no comparecer ante éste cuando le fue requerido. El 2 de marzo de 2015, el PEJC presentó una *Moción Informativa* e indicó que el licenciado Sierra Morales acudió personalmente al Programa el 24 de febrero de 2015 para orientarse en cuanto a los créditos que le faltaban por cumplir. Entre otras cosas, el licenciado Sierra Morales expresó que incumplió por una situación de salud. Ante ello, le explicaron que tenía que presentar cualquier planteamiento sobre su incumplimiento ante este Tribunal. Asimismo, señaló que le interesaba tomar los cursos porque quería mantener su estatus de abogado activo. A esos efectos, informó que tomó un curso y que estaría matriculándose en otros próximamente.

El 28 de abril de 2015, emitimos una Resolución concediéndole al licenciado Sierra Morales un término final de veinte (20) días para cumplir con nuestra Resolución de 17 de febrero de 2015. Al presente, el licenciado Sierra Morales no ha comparecido.[5]

---

[5] Surge del expediente que, para el 19 de junio de 2015, el licenciado Sierra Morales aún no había cumplido con los requisitos del Programa

## C. TS-14587

La Lcda. Ana Virginia Piñero Parés fue admitida al ejercicio de la abogacía el 19 de agosto de 2003 y prestó juramento como notaria el 23 de septiembre de 2003. El 12 de diciembre de 2012, la entonces Directora del PEJC, Lcda. Yanis Blanco Santiago, presentó ante nosotros un *Informe sobre cumplimiento con Requisito de Educación Jurídica Continua (Incomparecencia a vista informal)*. Explicó que el 18 de noviembre de 2010, el PEJC citó a la licenciada Piñero Parés a una vista informal a celebrarse el 7 de diciembre de 2010 por su incumplimiento con los requisitos durante el periodo de 1 de febrero de 2007 al 31 de enero de 2009. Debido a su incomparecencia, el PEJC refirió este asunto ante nuestra consideración.

El 26 de diciembre de 2012 emitimos una Resolución en la cual le concedimos a la licenciada Piñero Parés un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y por no comparecer ante éste cuando le fue requerido. Luego de que este Tribunal le concediera varias prorrogas a la licenciada Piñero Parés para cumplir con los créditos del PEJC,[6] en enero de 2015

---

durante los periodos de 2009-2011, 2011-2013 y 2013-2015. En cuanto a este último, no se había notificado el *Aviso de Incumplimiento* ni requerido el pago de la cuota por cumplimiento tardío.

[6] A solicitud de la licenciada Piñero Parés, el 4 de febrero de 2013 le concedimos un término adicional de treinta (30) días para cumplir con la Resolución de 26 de diciembre de 2012; el 22 de abril de 2013, nuevamente le concedimos treinta (30) días para cumplir con dicha

el PEJC nos informó que la licenciada Piñero Parés cumplió con los créditos para los siguientes periodos: 2007-2009, 2009-2011 y 2011-2013. Sin embargo, indicó que ésta no pagó la cuota por cumplimiento tardío correspondiente a cada periodo, por lo que adeudaba ciento cincuenta ($150) dólares. El 30 de enero de 2015, emitimos una Resolución concediéndole treinta (30) días y el 29 de mayo de 2015, le concedimos veinte (20) días adicionales para pagar la cuota por cumplimiento tardío. Finalmente, el 18 de noviembre de 2015, le concedimos un término final e improrrogable de quince (15) días para que acreditara el pago de la cuota por cumplimiento tardío por la cantidad de doscientos ($200) dólares.[7] Le apercibimos de que su incumplimiento podría conllevar la imposición de sanciones severas, incluyendo la suspensión del ejercicio de la profesión. Al presente, la licenciada Piñero Parés no ha comparecido.

---

resolución, y el 3 de junio de 2013, le concedimos treinta (30) días para cumplir con la Resolución de 22 de abril de 2013. El 16 de enero de 2014, emitimos una Resolución concediéndole un término final e improrrogable de treinta (30) días para cumplir con los requisitos del PEJC, incluyendo el pago de las cuotas por cumplimiento tardío. Le apercibimos de que su incumplimiento podría conllevar la imposición de severas sanciones disciplinarias, incluyendo la suspensión inmediata de la profesión de la abogacía. A solicitud de la licenciada Piñero Parés, el 25 de marzo de 2014 le concedimos treinta (30) días para dar cumplimiento a nuestras Resoluciones de 26 de diciembre de 2012 y 16 de enero de 2014.

[7] El aumento en la cantidad se debe a que la licenciada Piñero Parés incumplió con los requisitos del PEJC durante el periodo de 2013-2015, el cual ya venció.

D. TS-8922

La Lcda. Jazmín G. Torres Lugo fue admitida al ejercicio de la abogacía el 5 de enero de 1988.[8] El 1 de octubre de 2015, la entonces Directora del PEJC, licenciada Marrero Martínez, presentó ante nosotros un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*. Explicó que, debido a que la licenciada Torres Lugo incumplió con los requisitos del PEJC durante el periodo de 1 de septiembre de 2007 al 31 de agosto de 2009,[9] se le envió un *Aviso de Incumplimiento* el 7 de octubre de 2009. A pesar de que en el aviso una de las alternativas que se le otorgó fue tomar los cursos dentro de un término adicional de sesenta (60) días, la licenciada Torres Lugo no tomó los cursos adeudados, ni pagó la cuota por cumplimiento tardío.

En consecuencia, el 13 de octubre de 2011 el PEJC la citó a una vista informal a celebrarse el 8 de noviembre de 2011. La licenciada Torres Lugo no compareció a esa vista y, posteriormente, el PEJC le notificó la *Determinación de la Directora Ejecutiva*, la cual le concedió un término de treinta (30) días para cumplir con

---

[8] Surge del expediente que la Lcda. Jazmín G. Torres Lugo prestó juramento como notaria el 27 de febrero de 1989 pero renunció al notariado mediante carta de 28 de julio de 1989. Dicha renuncia fue autorizada a través de nuestra Resolución de 14 de septiembre de 1989, una vez tomamos conocimiento de que su Registro de Affidavits fue examinado, aprobado y entregado al Archivo General de Protocolos del Distrito de San Juan. En esa Resolución también dimos por terminada la fianza otorgada por el Colegio de Abogados de Puerto Rico.
[9] Cabe mencionar que, según el Informe presentado, la licenciada Torres Lugo también incumplió con los requisitos del PEJC durante los periodos de 2009-2011 (se le envió un *Aviso de Incumplimiento* el 28 de noviembre de 2011) y 2011-2013 (se le envió un *Aviso de Incumplimiento* el 18 de octubre de 2013).

los créditos. Posteriormente, y en vista de la actitud pasiva de la licenciada Torres Lugo, el asunto se refirió a este Tribunal para que tomáramos conocimiento de la situación y le concediéramos un término final a la licenciada Torres Lugo para subsanar la deficiencia.

El 30 de octubre de 2015, emitimos una Resolución en la cual le concedimos a la licenciada Torres Lugo un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y por no comparecer ante éste cuando le fue requerido. Al presente, la licenciada Torres Lugo no ha comparecido.

## E. TS-5290

El Lcdo. Félix Jaime Cristiá Martínez fue admitido al ejercicio de la abogacía el 29 de diciembre de 1976.[10] El 12 de diciembre de 2012, la entonces Directora del PEJC, licenciada Blanco Santiago, presentó ante nosotros un *Informe sobre cumplimiento con Requisito de Educación Jurídica Continua (Incomparecencia a vista informal).* Explicó que el 25 de febrero de 2009 el PEJC le envió un *Aviso de Incumplimiento* al licenciado Cristiá Martínez, debido a que no cumplió con los requisitos del Programa

---

[10] Surge del expediente que el Lcdo. Félix Jaime Cristiá Martínez prestó juramento como notario el 11 de febrero de 1977, pero renunció al notariado mediante carta de 13 de julio de 1990. La renuncia fue autorizada a través de nuestra Resolución de 5 de junio de 1991, una vez tomamos conocimiento de que su obra notarial fue examinada, aprobada y entregada al Archivo General de Protocolos del Distrito Notarial de San Juan. En esa Resolución también dimos por terminada la fianza otorgada por el Colegio de Abogados de Puerto Rico.

durante el periodo de 1 de febrero de 2007 al 31 de enero de 2009.[11] A pesar de lo anterior, el licenciado Cristiá Martínez no tomó los cursos adeudados ni pagó la cuota por cumplimiento tardío. En consecuencia, el 18 de noviembre de 2010 el PEJC lo citó a una vista informal a celebrarse el 10 de diciembre de 2010. Debido a su incomparecencia, el PEJC refirió este asunto ante nuestra consideración.

El 11 de enero de 2013 emitimos una Resolución en la cual le concedimos al licenciado Cristiá Martínez un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y por no comparecer ante éste cuando le fue requerido. Al presente, el licenciado Cristiá Martínez no ha comparecido.[12] Examinemos la normativa aplicable a este asunto.

## II.

El Canon 2 del Código de Ética Profesional le impone a los abogados y las abogadas admitidos a la práctica en nuestra jurisdicción la obligación de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento

---

[11] Cabe mencionar que, según el Informe presentado, el licenciado Cristiá Martínez también incumplió con los requisitos del PEJC durante el periodo de 2009-2011. Se le envió un *Aviso de Incumplimiento*, el cual fue devuelto por el correo postal, por lo que se reenvió por correo electrónico.
[12] Según una certificación del PEJC emitida el 25 de enero de 2016, el licenciado Cristiá Martínez también incumplió con los requisitos del PEJC durante los periodos de 2011-2013 y 2013-2015.

profesional […]". 4 LPRA Ap. IX C. 2. Por lo anterior, y en virtud de nuestro poder inherente para reglamentar la profesión de la abogacía, este Tribunal adoptó el Reglamento de Educación Jurídica Continua y, posteriormente, el Reglamento del PEJC. Véase In re Regl. Educ. Jur. Cont., 146 DPR 494 (1998); In re Aprobación Prog. Educ. Jur., 164 DPR 555 (2005). Véase, además, In re Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Jurídica Continua, 2015 TSPR 77, 193 DPR ___ (2015). Cuando un abogado o abogada incumple con los requisitos del PEJC, además de resultar en un gasto de recursos administrativos para el Programa, es un acto contrario al deber de excelencia y competencia que requiere el Canon 2 del Código de Ética Profesional, supra. In re López Santos, et al., 2016 TSPR 37, pág. 11, 194 DPR ___ (2016); In re Nieves Vázquez, et al., 2016 TSPR 22, pág. 13, 194 DPR ___ (2016); In re Cepero Rivera, et al., 2015 TSPR 119, pág. 9, 193 DPR ____ (2015). Ante ello, reiteradamente hemos suspendido a abogados y abogadas del ejercicio de la profesión por no cumplir con los requisitos del PEJC ni atender sus requerimientos. Véase, In re López Santos, et al., supra; In re Nieves Vázquez, et al., supra.

Por otro lado, los miembros de la profesión legal tienen la obligación de responder oportunamente a los requerimientos de este Tribunal. Véase In re García Ortiz, 187 DPR 507, 524 (2013); In re Grau Collazo, 185 DPR 938,

943-944 (2012). En numerosas ocasiones hemos señalado que desatender nuestras órdenes constituye una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX C. 9, y tiene como consecuencia la suspensión del ejercicio de la profesión. In re López Santos, et al., supra, págs. 11-12; In re Nieves Vázquez, et al., supra, págs. 13-14; In re Guzmán Rodríguez, 187 DPR 826, 829 (2013).

Finalmente, consideramos necesario reiterar el deber que tienen todos los miembros de la profesión legal de mantener actualizada su información personal en RUA, según lo exige la Regla 9(j) del Reglamento de este Tribunal. 4 LPRA Ap. XXI-B, R. 9(j). Dicha información incluye la dirección a la cual este Tribunal debe enviar las notificaciones correspondientes. Por tanto, el incumplimiento con ese deber constituye un obstáculo para el ejercicio de nuestra jurisdicción disciplinaria y es fundamento suficiente para ordenar la suspensión inmediata del ejercicio de la profesión. In re López Santos, et al., supra, págs. 11-12; In re Nieves Vázquez, et al., supra, págs. 13-14; In re López González, et al., 2015 TSPR 107, 193 DPR ___ (2015).

### III.

En vista de los hechos reseñados y del derecho aplicable, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía del licenciado Souffront Ramírez, el licenciado Sierra Morales, la licenciada Piñero Parés, la licenciada Torres Lugo y el licenciado

Cristiá Martínez. Asimismo, suspendemos inmediata e indefinidamente de la práctica de la notaría al licenciado Sierra Morales y a la licenciada Piñero Parés. Así pues, se les impone a cada uno el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos. Asimismo, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Sierra Morales y de la licenciada Piñero Parés y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este foro.

Notifíquese personalmente al licenciado Sierra Morales y a la licenciada Piñero Parés esta Opinión *Per Curiam* y Sentencia. En cuanto al licenciado Souffront Ramírez, la licenciada Torres Lugo y el licenciado Cristiá Martínez notifíquese por correo certificado con acuse de recibo.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

| | |
|---|---|
| Luis O. Souffront Ramírez | TS-8889 |
| Efraín Sierra Morales | TS-8426 |
| Ana V. Piñero Parés | TS-14587 |
| Jazmín G. Torres Lugo | TS-8922 |
| Félix Jaime Cristiá Martínez | TS-5290 |

*SENTENCIA*

En San Juan, Puerto Rico, a 3 de junio de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la práctica de la abogacía del Lcdo. Luis O. Souffront Ramírez, el Lcdo. Efraín Sierra Morales, la Lcda. Ana V. Piñero Parés, la Lcda. Jazmín G. Torres Lugo y el Lcdo. Félix Jaime Cristiá Martínez. Asimismo, suspendemos inmediata e indefinidamente de la práctica de la notaría al licenciado Sierra Morales y a la licenciada Piñero Parés.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Sierra Morales y de la licenciada Piñero Parés y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este foro.

Le imponemos a cada uno el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su

suspensión a los foros judiciales y administrativos de Puerto Rico. Además, tienen la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Sentencia.

Notifíquese personalmente al licenciado Sierra Morales y a la licenciada Piñero Parés esta Opinión *Per Curiam* y Sentencia. En cuanto al licenciado Souffront Ramírez, la licenciada Torres Lugo y el licenciado Cristiá Martínez notifíquese por correo certificado con acuse de recibo.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo