EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2019 TSPR 6 |
|---|---|
| Ana V. Piñero Parés | 201 DPR ____ |

Número del Caso: TS-14,587

Fecha: 11 de enero de 2019

Abogado de la promovida:

       Por derecho propio

Oficina de Inspección de Notarías:

       Lcdo. Manuel E. Ávila De Jesús
       Director

Materia: Conducta Profesional- La Suspensión será efectiva el 15 de enero de 2019, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Ana V. Piñero Parés

TS-14,587

**PER CURIAM**

En San Juan, Puerto Rico, a 11 de enero de 2019.

Una vez más nos vemos precisados a ejercitar nuestro poder disciplinario para separar inmediata e indefinidamente a la Lcda. Ana V. Piñero Parés de la profesión legal por inobservar ciertos requerimientos de la Oficina de Inspección de Notarías (ODIN) y nuestras diversas órdenes.

Relataremos el marco fáctico que desató nuestra determinación.

**I**

El 19 de agosto de 2003 admitimos a la licenciada Piñero Parés al ejercicio legal, mientras que el 23 de septiembre de 2003 juramentó como notaria. No obstante, el 3 de junio de 2016,

mediante la Opinión *Per Curiam In re Souffront Ramírez*, 2016 TSPR 123, 195 DPR 978 (2016), la suspendimos inmediata e indefinidamente de ambas prácticas por incumplir los requerimientos del Programa de Educación Jurídica Continua. A causa de ello, incautamos su obra protocolar. Posteriormente, reinstalamos a la licenciada Piñero Parés al ejercicio de la abogacía, pero concedimos a ODIN un término de veinte días para que opinara en torno a la reinstalación al ejercicio notarial.

Oportunamente, el Lcdo. Manuel Ávila De Jesús, Director de ODIN, presentó un escrito en el cual manifestó que la obra notarial de la letrada se asignó a la Inspectora de Protocolos y Notaría (Inspectora) a principios de julio y que consistía aproximadamente de 1,570 instrumentos y que el Libro de Registro de Testimonios tenía sobre dos mil asientos. Dado el volumen de los documentos, pidió que le concediéramos treinta días para rendir el informe correspondiente.

El 31 de agosto de 2016 el licenciado Ávila De Jesús sometió su *Informe sobre estado de obra incautada*. Aseveró que los protocolos formados para los años 2010-2014 carecían de encuadernación, foliación y de la redacción de nota de apertura y cierre de los tomos. Destacó que ciertas escrituras públicas estaban extraviadas, o ausentes, puesto que la licenciada Piñero Parés no entregó cincuenta y nueve instrumentos. Dispuso que la obra contenía deficiencias arancelarias ascendientes a $ 26,179. Adujo que ciertos

documentos carecían de las firmas e iniciales de las partes otorgantes y que omitió su firma, signo, sello y rúbrica. Finalmente, afirmó que la letrada adeudaba veintinueve índices de actividad mensual y dos informes estadísticos anuales. En consideración de ello recomendó que concediéramos a la licenciada Piñero Parés un término de sesenta días para que subsanara las faltas mencionadas.

Consecuentemente, el 3 de octubre de 2016 denegamos la reinstalación de la letrada a la práctica notarial y acogimos la sugerencia de ODIN. Así, ordenamos que subsanara las deficiencias de la obra notarial en un término de sesenta días. Advertimos, además, que el no acatar nuestra orden conllevaría la suspensión inmediata de la profesión legal y la imposición de una sanción monetaria de quinientos dólares.

El 1 de diciembre de 2016 la licenciada Piñero Parés presentó una *Respetuosa moción informativa y solicitud de prórroga*. Expresó que atendió ciertos señalamientos de ODIN, a saber: la entrega de los índices pendientes, la cancelación de los aranceles del Registro de Testimonios y la adquisición de $ 15,619 en sellos para escrituras que uniría al protocolo próximamente. Informó que laboraría junto a otra notaria para culminar la redacción de las actas subsanatorias. Manifestó que razones de salud impidieron que subsanara todas las deficiencias, por tanto, peticionó un término de noventa días para culminar el proceso. Tras considerar el pedido, el 16 de diciembre de

2016 accedimos a extender el plazo. Es por ello que el 21 de marzo de 2017 incoó otro escrito por el cual, en esencia, dispuso lo mismo que en el anterior, con excepción a la deuda arancelaria que manifestó que compró aranceles por $ 23,000. Igualmente, solicitó que le concediéramos una prórroga de noventa días.

Debido al cumplimiento parcial de la letrada, el 3 de abril de 2017 el licenciado Ávila De Jesús presentó una moción en la que informó que ésta aún debía $ 7,945 en aranceles; que solo encuadernó el protocolo del 2010, que todavía no había entregado los índices mensuales de enero a junio de 2016, y que no había comenzado a reconstruir la obra protocolar extraviada. Por ello, sugirió que le otorgáramos un término final e improrrogable de cuarenta y cinco días para que enmendara todos los errores señalados. El 17 de abril de 2017 concedimos otro plazo de sesenta días para corregir los defectos de la obra notarial.

Así pues, el 19 de junio de 2017 la letrada sometió otra comunicación en la cual plasmó las diligencias que había llevado a cabo a fin de enmendar sus errores.[1] Alegó

---

[1] Específicamente, manifestó que "ha atendido parte de los señalamientos, consistentes en, haber completado el libro de testimonios con la cancelación de sus correspondientes aranceles, ha adquirido la cantidad de $ 27,000.00 en aranceles correspondientes a escrituras habiéndose cancelado ya y se ha unido a la obra protocolar el noventa por ciento (90%) de las escrituras que faltaban por unirse a la misma, además de que se está llevando a cabo la encuadernación de la obra protocolar pendiente de encuadernar, y las enmiendas a los índices mensuales y anuales, según lo ha requerido el proceso". También indicó que "está trabajando junto a la notaria Gwendolyn Moyer, quien también trabaja por su cuenta y muy amablemente nos ha brindado su ayuda de forma gratuita, a los fines de culminar la autorización de actas subsanatorias y rectificación y/o ratificación, procediendo con la citación de partes para su otorgamiento y culminar con las encuadernaciones pendientes".

que, a pesar de las gestiones que hizo, por problemas de salud tanto suyos como de la notaria que le estaba asistiendo a rectificar los instrumentos, no había concluido el proceso. Indicó también que la Inspectora la podía atender solo una vez a la semana, medio día, lo cual limitaba su acceso a la obra. Ante lo expuesto, peticionó un término de sesenta días para terminar el trámite de subsanación. El 4 de agosto de 2017 accedimos a concederle un **plazo final e improrrogable** de treinta días para corregir todas las deficiencias.

Nuevamente, el 11 de septiembre de 2017 la licenciada Piñero Parés nos remitió *una Respetuosa moción informativa sobre término y solicitud de prórroga*. En ella, consignó los trámites que había efectuado y manifestó que, a pesar de ello, no pudo culminar todo el proceso a causa del huracán Irma. Afirmó que una vez la Inspectora regresara de sus vacaciones concluiría las gestiones pendientes. Por lo tanto, solicitó que le diéramos **una última prórroga** de cuarenta y cinco días para culminar el proceso. Ulteriormente, el Director de ODIN nos comunicó que la Inspectora informó lo siguiente:

> [u]sualmente separo un medio día cada semana para reunirme con los notarios suspendidos en el Archivo Notarial de San Juan y así tengan la oportunidad de trabajar en las subsanaciones pendientes en sus obras notariales. Desde el último informe rendido por esta Inspectora con relación al estado en que se encuentra la obra notarial de la licenciada Piñero Parés, la obra se encuentra básicamente en el mismo estado, ya que, por razones atribuibles a la notaria, de dichas fechas sólo unas pocas fueron utilizadas

por esta. En dichas fechas no trajo acta alguna que corrija las deficiencias señaladas, como tampoco los aranceles adeudados en su obra protocolar.

Además, el licenciado Ávila De Jesús peticionó que le diéramos a letrada un término final e improrrogable de treinta días para que subsanara la obra so pena de que se sometiera el asunto a un proceso de desacato. Es por ello que el 30 de noviembre de 2017 accedimos a extender el plazo por diez días más para que la letrada enmendara su obra. También le apercibimos que **de no cumplir nuestros requerimientos podría ser referida al procedimiento de desacato.**

Dado a que la licenciada Piñero Parés inobservó nuestra orden, el 19 de diciembre de 2017 el Director de ODIN nos expresó que aún quedaban las deficiencias siguientes: una deuda arancelaria de $ 5,100, la letrada no había hecho entrega ni encaminó la reconstrucción de veinte instrumentos públicos, los cuales no fueron incautados ni entregados y omitió ciertos documentos complementarios que conferían exenciones en el pago de aranceles. En vista de esto nos pidió que refiriéramos a la letrada a un proceso de desacato y que evaluáramos la imposición de otra medida disciplinaria.

El 29 de diciembre de 2017 la licenciada Piñero Parés presentó una *Respetuosa moción urgentísima informativa sobre incumplimiento de orden y solicitud de prórroga*. En ésta, adujo que no residía en San Juan a causa del huracán,

puesto a que estaba por toda la Isla ayudando a los más necesitados y dirigiendo la operación de Chefs For Puerto Rico. Indicó que antes no tenía ingresos, pero que su situación mejoró. Esbozó las diligencias desplegadas a fin de corregir las faltas.[2] Alegó que la abogada que estaba ayudándole en el trámite de subsanación atravesó por situaciones de salud críticas. Expresó, también, que su madre y ella enfrentaron problemas de salud. Culminó con el pedido de que se le diera una **última prórroga** de treinta días.

Así las cosas, el 26 de enero de 2018 otorgamos a la letrada un término de cuarenta y cinco días para que subsanara las faltas y **apercibimos que el no hacerlo podía conllevar la suspensión del ejercicio de la abogacía**. No obstante, el 27 de marzo de 2018 la licenciada Piñero Parés solicitó otra prórroga de treinta días.[3] El 12 de abril de 2018 accedimos al pedido de la letrada. Empero, el 19 de junio de 2018 nos vimos precisados a dictar otra Resolución

---

[2] En esencia, indicó que "ha atendido la gran mayoría de los señalamientos consistentes en. Haber completado el libro de testimonios con la cancelación de sus correspondientes aranceles, ha adquirido la cantidad de $30,000.00 en aranceles correspondientes a escrituras habiéndose cancelado ya y se ha unido a la obra protocolar la mayoría de las escrituras que faltaban por unirse a la misma, teniendo en nuestro poder las que faltan por unir. También, que se está llevando a cabo la encuadernación de la obra protocolar pendiente de encuadernar, la cual está completamente pagada a la encuadernadora Ruth Encarnación, por la cantidad de $2,190.00, además de enmiendas a los índices mensuales y anuales, según lo que ha requerido el proceso. […] al presente se trabajaron la totalidad de las actas subsanatorias y de rectificación y/o ratificación, procediendo con la citación de partes para su otorgamiento y culminar con las encuadernaciones pendientes. Esta misma semana estaremos reuniéndonos con la Lcda. Gwendolyn Moyer Ama, quien también se encuentra desempleada, tampoco tiene electricidad en su hogar desde el huracán Irma".

[3] Manifestó que su obra protocolar estaba totalmente encuadernada, que las actas subsanatorias, rectificatorias y/o ratificatorias fueron redactadas y autorizadas.

en la que le dimos **"una última prórroga final de veinte (20) días"** e incluimos una advertencia de que **"no se conceder[ía]n más prorrogas"** y que **"su incumplimiento conllevará el referido inmediato al proceso de desacato o sanciones severas incluyendo la suspensión del ejercicio de la abogacía"**. (Énfasis suplido).

Dado al incumplimiento de la licenciada Piñero Parés con nuestra orden, el Director de ODIN nos sometió un escrito en el que consignó que persistían ciertas deficiencias en la obra notarial de la letrada. Dispuso que tenía que evidenciar la exención del pago de aranceles, enmendar varios informes y comenzar la reconstrucción de unos documentos públicos. Explicó que, a pesar de que la licenciada Piñero Parés cooperó y satisfizo los aranceles, había incumplido nuestras órdenes lo que ameritaba que la refiriéramos a un proceso de desacato. Por ello, pidió que tomáramos en consideración su diligencia como un atenuante al considerar si procedían sanciones disciplinarias y que sometiéramos el asunto a un desacato. En vista de esta solicitud, el 1 de agosto de 2018 concedimos a la letrada un término final de veinte **días para que compareciera a mostrar causa por la cual no debía ser referida al Tribunal de Primera Instancia para un procedimiento de desacato, así como ser suspendida de la abogacía por incumplir nuestros requerimientos.**

El 30 de agosto de 2018 la licenciada Piñero Parés compareció e indicó, entre otras cosas, que estaba "a ley

de una semana para completar" el proceso de subsanación de los errores. Adujo que la falta de acceso a su obra alargó el cumplimiento de su obligación. Alegó que tendría una cita con la Inspectora próximamente para que su protocolo fuera aprobado. Afirmó que no pretendía ser reactivada como notaria y que una vez culminara de rectificar las deficiencias entregaría su protocolo.

Como la letrada incumplió con nuestro requerimiento, el 13 de septiembre de 2018 el licenciado Ávila De Jesús nos presentó un escrito e informó que la licenciada Piñero Parés pidió la suspensión de su cita con la Inspectora a la que hizo referencia, esto por razones de salud.[4] Manifestó que la letrada había cancelado varias reuniones pautadas para el proceso de subsanación. Es por ello que nos recomendó que el caso fuera dirigido al Tribunal de Primera Instancia para un proceso de desacato y que determináramos si procedía la imposición de otras medidas disciplinarias.

Plasmados los hechos, discutiremos las normas legales que aplican.

## II

Como parte de nuestro poder inherente para reglamentar la profesión legal en Puerto Rico, tenemos que asegurarnos que sus componentes empleen sus funciones de forma

---

[4] Además, esbozó que aún quedaban las deficiencias siguientes: hay documentos públicos que deben ser ratificados ante un tercer notario; no proveyó la evidencia requerida para validar la exención del pago de aranceles en ciertos documentos públicos; no ha enmendado los informes de actividad notarial; y no ha hecho gestiones para reconstruir los instrumentos extraviados.

responsable, competente y diligente.[5] A través del Código de Ética Profesional erigimos las normas mínimas de conducta que los abogados y las abogadas que ejercen esta ilustre profesión deben desplegar.[6]

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, requiere que los letrados se conduzcan respetuosamente hacia los tribunales de justicia.[7] En lo concerniente, preceptúa que todo "abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".[8]

Hemos dispuesto que la naturaleza de la función de la abogacía requiere que los togados empleen estricta atención y obediencia a las órdenes de esta Curia, o de cualquier foro judicial que los letrados estén obligados a comparecer.[9] En otras palabras, los letrados tienen que respetar, acatar y responder de forma diligente nuestros requerimientos. Especialmente cuando se trata de asuntos relacionados con su conducta profesional.[10]

El incumplimiento de un miembro de la profesión legal con las órdenes de este Tribunal denota un claro

---

[5] *In re Oyola Torres*, 194 DPR 437 (2016); *In re Vera Vélez*, 192 DPR 216, 226 (2015).

[6] *In re Guemárez Santiago*, 191 DPR 611, 617-618 (2014); *In re Falcón López*, 189 DPR 689 (2013).

[7] *In re Federico O. López Santiago*, 2018 TSPR 31, en la pág. 11, 199 DPR ___ (2018); *In re Shirley Vélez Rivera*, 2018 TSPR 4, en la pág. 6, 199 DPR ___ (2018).

[8] 4 LPRA Ap. IX. C. 9.

[9] *In re García Ortiz*, 187 DPR 507, 524 (2012).

[10] *In re Federico O. López Santiago*, 2018 TSPR 31, en la pág. 12, 199 DPR ___ (2018), *In re Rivera Sepúlveda*, 192 DPR 985, 988 (2015); *In re Irizarry Irizarry*, 190 DPR 368, 375 (2014).

menosprecio hacia nuestra autoridad.[11] La desatención a las órdenes judiciales no se puede tomar de manera liviana ya que constituye un serio agravio a la autoridad de los tribunales.[12] Por tal razón, la indiferencia a nuestros apercibimientos sobre sanciones disciplinarias es causa suficiente para la suspensión inmediata e indefinida de la práctica de la abogacía.[13]

Hacer caso omiso a los requerimientos de aquellos entes a los cuales le hemos delegado alguna función en las tareas de regular el ejercicio de la profesión, entre ellas ODIN, conlleva idéntica sanción.[14] Los notarios están obligados a responder diligentemente los requerimientos de ODIN y **subsanar con premura todas las faltas señaladas.**[15] Es por ello que "tratar con ligereza o laxitud los señalamientos de la ODIN también configura una violación del Canon 9".[16]

Plasmado el marco jurídico, pasemos a disponer del caso.

## III

Según relatamos, veintiocho meses atrás el Director de ODIN notificó su *Informe sobre estado de obra incautada* a

---

[11] *In re Irizarry Irizarry, supra,* pág. 374; *In re De León Rodríguez,* 190 DPR 378, 390-391 (2014).

[12] *In re Christine M. Pratts Barbarossa,* 2018 TSPR 5, en la pág. 6, 199 DPR ___ (2018); *In re Planas Merced,* 195 DPR 73, 77 (2016).

[13] *In re Figueroa Cortés,* 196 DPR 1, 3 (2016); *In re López González,* 193 DPR 1021 (2015); *In re Irizarry Irizarry, supra; In re Vera Vélez, supra,* pág. 227; *In re Toro Soto,* 181 DPR 654, 660 (2011); *In re Martínez Sotomayor I,* 181 DPR 1, 3 (2011).

[14] *In re Abendaño Ezquerro,* 198 DPR 677, 682 (2017).

[15] *In re Candelario Lajara,* 197 DPR 722, 727 (2017); *In re Amiama Laguardia,* 196 DPR 844, 847 (2016).

[16] *In re Amiama Laguardia, supra,* pág. 848; *In re Candelario Lajara, supra,* pág. 727.

través del cual puso en conocimiento a la licenciada Piñero Parés de las numerosas deficiencias que su obra notarial contenía. Durante el transcurso del tiempo, y a petición nuestra, la letrada nos informó de las diligencias que desplegó para enmendar varios de los errores señalados. Sin embargo, veintiocho meses más tarde, aún no ha culminado de arreglar las deficiencias serias que su obra protocolar tiene, como por ejemplo no ha hecho o evidenciado gestión alguna a fin de reconstruir los instrumentos públicos extraviados. Aunque la licenciada Piñero Parés reconoce la trascendencia de concluir el proceso, no lo ha hecho. Si bien la letrada ha subsanado diversos errores, lo cierto es que cuando consideramos el tiempo transcurrido y la seriedad de las faltas que le restan por completar, **como reconstruir los instrumentos públicos extraviados**, entendemos que ésta debió ser más diligente.

Enfatizamos que las oportunidades que le brindamos a la licenciada Piñero Parés para corregir sus errores fueron muchas, a saber: el 3 de octubre de 2016 le advertimos que no subsanar las deficiencias podía conllevar su suspensión inmediata; el 4 de agosto de 2017 concedimos un **plazo final e improrrogable** para hacer lo propio; el 30 de noviembre de 2017 le apercibimos que su inobservancia podría desatar un proceso de desacato, y finalmente, el 1 de agosto de 2018 le exigimos que mostrara causa por la cual no debía ser referida a un proceso de desacato y ser separada indefinida e inmediatamente de la profesión legal.

A pesar de lo anterior, la licenciada Piñero Parés no concluyó lo que ha sido un largo proceso de subsanación de deficiencias e hizo caso omiso a nuestras múltiples órdenes. Su proceder, a pesar de que expuso las diligencias hechas y solicitó la extensión de los términos concedidos, es suficiente para separarla inmediata e indefinidamente de la practica legal.

**IV**

Por los fundamentos expuestos suspendemos inmediata e indefinidamente a la señora Piñero Parés de la profesión legal. Esta viene obligada a poner en conocimiento a todos sus clientes sobre su inhabilidad de continuar representándolos y debe restituir los honorarios recibidos por las labores no ejecutadas y los documentos que tenga bajo su custodia. Además, tendrá que comunicar su suspensión a todos los foros judiciales y administrativos de Puerto Rico en los cuales tenga algún asunto pendiente. También tendrá que acreditar y certificar a esta Curia que cumplió lo anterior en un periodo de treinta días una vez notificada la Opinión *Per Curiam* y Sentencia. Finalmente, concedemos a la señora Piñero Parés un término de sesenta días para que subsane todas las deficiencias que le resten y advertimos que su incumplimiento con esta orden conllevará que sea referida al Tribunal de Primera Instancia para que se inicie un proceso de desacato.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Ana V. Piñero Parés

TS-14,587

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de enero de 2019.

Por los fundamentos enunciados en la Opinión *Per Curiam* que antecede y se hace formar parte de esta Sentencia, suspendemos inmediata e indefinidamente a la Sra. Ana V. Piñero Parés de la profesión legal. Esta viene obligada a poner en conocimiento a todos sus clientes sobre su inhabilidad de continuar representándolos y debe restituir los honorarios recibidos por las labores no ejecutadas y los documentos que tenga bajo su custodia. Además, tendrá que comunicar su suspensión a todos los foros judiciales y administrativos de Puerto Rico en los cuales tenga algún asunto pendiente. También tendrá que acreditar y certificar a esta Curia que cumplió lo anterior en un periodo de treinta días una vez notificada la Opinión *Per Curiam* y Sentencia. Finalmente, concedemos a la señora Piñero Parés un término de sesenta días para que subsane todas las deficiencias que le resten y advertimos que su incumplimiento con esta orden conllevará que sea referida al Tribunal de Primera Instancia para que se inicie un proceso de desacato.

Notifíquese inmediatamente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Colón Pérez no intervinieron.

José I. Campos Pérez
Secretario del Tribunal Supremo