EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Sheila A. Acevedo Álvarez (TS-9783) | 2017 TSPR 176 <br><br> 198 DPR ____ |

Número del Caso: AB-2008-252


Fecha:   11 de septiembre de 2017


Oficina del Procurador General:

      Lcdo. Joseph Feldstein del Valle
      Subprocurador General

      Lcda. Gisela Rivera Matos
      Procuradora General Auxiliar


Abogado del promovido:

      Lcdo. Jayson N. Pérez Ramos


Materia:  Conducta Profesional – La suspensión será efectiva el 5 de diciembre de 2017, fecha en que se le notificó a la abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Sheila A. Acevedo Álvarez          AB-2008-252          Conducta
     (TS-9783)                                          Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 11 de septiembre de 2017.

La Lcda. Sheila A. Acevedo Álvarez (licenciada Acevedo), fue admitida al ejercicio de la abogacía el 12 de febrero de 1991 y prestó juramento como notaria el 1 de mayo de 1992.[1] El 30 de mayo de 1997 la letrada fue suspendida del ejercicio de la abogacía por un término de tres (3) meses por infringir los Cánones 12, 18 y 19 de Ética Profesional, 4 LPRA Ap. IX (2012) (**AB-96-115**). Posteriormente fue reinstalada a la práctica de la profesión legal el 22 de septiembre de 1997.

---

[1] El 20 de abril de 2010 la Lcda. Sheila A. Acevedo Álvarez fue suspendida del ejercicio de la notaría y aún continúa suspendida de dicha práctica.

El 20 de abril de 2010, la licenciada Acevedo fue suspendida nuevamente del ejercicio de la abogacía por igual término de tres (3) meses por incumplir con el Canon 24 de Ética Profesional, 4 LPRA Ap. IX (2012), y la Ley Núm. 9 de 8 de agosto de 1974, 4 LPRA sec. 742 (2010), atinente al porciento de los honorarios de naturaleza contingente en acciones de daños y perjuicios en casos de menores (**CP-2008-6**).   Como resultado de esta última suspensión, se ordenó el archivo administrativo de la queja de epígrafe para ser considerada en la eventualidad de que la licenciada Acevedo fuese reinstalada al ejercicio de la profesión.[2]

Posteriormente, la licenciada Acevedo fue reinstalada al ejercicio de la abogacía, por lo cual se reactivó la presente queja y se ordenó a la Oficina del Procurador General (Procurador) presentar el informe correspondiente.[3]

El 8 de mayo de 2017 el Procurador presentó su Informe, donde nos recomendó que se le impusieran sanciones a la letrada por hacer caso omiso a las órdenes de este Tribunal y a los requerimientos de dicha Oficina para que respondiera a las alegaciones vertidas en la queja que nos ocupa.   Con el beneficio de este escrito procedemos a relatar el tracto procesal de la queja que nos ocupa.

---

[2]     Véase Resolución de 11 de junio de 2010.

[3]     Véase Resolución de 28 de febrero de 2017.

I

## A. La Queja

La queja que dio origen a este proceso disciplinario se presentó el 16 de septiembre de 2008 por la Sra. María C. Montero (señora Montero o promovente). Según la promovente, contrató los servicios de la licenciada Acevedo para instar un procedimiento de declaratoria de incapacidad de su esposo y el nombramiento de tutor. Alegó que, a pesar de haberle pagado por sus servicios, la letrada no terminó las gestiones correspondientes. Tampoco pudo contactarla a pesar de sus esfuerzos.

## B. Requerimientos de este Tribunal

El 26 de septiembre de 2008 le concedimos a la licenciada Acevedo un término de diez (10) días para reaccionar al escrito de la señora Montero. Debido a su incomparecencia, el 24 de noviembre de 2008 le otorgamos un término improrrogable de cinco (5) días para contestar la queja en su contra. El 7 de enero de 2009 la letrada solicitó una prórroga de 20 días para responder. Alegó que durante el mes de diciembre se había visto forzada a mudar sus oficinas a una nueva ubicación porque el local anterior había sido vandalizado y necesitaba tiempo adicional para reconstruir el expediente. El 6 de febrero de 2009 le concedimos cinco (5) días adicionales para responder las imputaciones de la promovente. El 24 de marzo de 2009 la abogada indicó que su oficina estuvo cerrada e inoperante por ciertos periodos a causa de los destrozos ocasionados por múltiples escalamientos. Reconoció que, por lo tanto,

estuvo inaccesible durante esa época.  Solicitó otros dos (2) días para cumplir con nuestro requerimiento y explicó que, entre los expedientes estropeados, se encontraba el de la señora Montero por lo cual era menester obtener copias de los documentos del tribunal.

El 11 de mayo de 2009 alertamos a la licenciada Acevedo que aún no se había recibido su contestación y le concedimos un término final de cinco (5) días para responder.  El 3 de junio de 2009 la licenciada Acevedo sometió una carta donde nos indicó que la dilación en comparecer se debió a que estaba haciendo gestiones para procurar el nombramiento de la promovente como tutora de su esposo incapacitado.  Indicó que, a esos fines, había acordado con el Lcdo. Ángel Pabón Mediavilla (licenciado Pabón) para que realizara los trámites judiciales correspondientes y éste se había comunicado con la señora Montero con ese propósito.

El 24 de agosto de 2009 la señora Montero compareció ante nos e informó que, a pesar de que el licenciado Pabón la había contactado inicialmente, luego no había podido comunicarse con él.  Asimismo, indicó que su esposo falleció el 27 de julio de 2009 sin que hubiese concluido el trámite de tutoría.

Así las cosas, el 11 de junio de 2010 se ordenó el archivo administrativo de la queja de autos debido a la suspensión de la letrada del ejercicio de la abogacía

durante tres (3) meses.**4** Eventualmente la licenciada Acevedo fue reinstalada al ejercicio de la abogacía por lo cual, el 28 de febrero de 2017 reactivamos la queja que nos ocupa y ordenamos al Procurador someternos el informe correspondiente.

**C. Requerimientos de la Oficina del Procurador**

En atención a nuestro referido, el 27 de marzo y el 12 de abril de 2017, el Procurador le cursó a la licenciada Acevedo un *Requerimiento de Información* otorgándole término para contestar la queja presentada en su contra. Ambas notificaciones fueron enviadas por correo certificado y recibidas por la abogada. La licenciada Acevedo hizo caso omiso de éstas, a pesar de ser apercibida sobre las consecuencias de no responder.

El 8 de mayo de 2017 el Procurador nos sometió su Informe donde detalló las gestiones antes mencionadas. De otra parte, indicó que la señora Montero no respondió a un *Requerimiento de Información* enviado con el propósito de ampliar la investigación y aclarar ciertas interrogantes en torno a la queja.

Una vez examinado el Informe, el 26 de mayo de 2017, le concedimos a la licenciada Acevedo un término **final e improrrogable** de diez (10) días para mostrar causa, si alguna, por la cual no debía ser suspendida de la profesión legal por su continuo incumplimiento con los requerimientos del Procurador y las órdenes de este Tribunal. Esta

---

**4**    Véase Opinión *Per Curiam* del 20 de abril de 2010.

Resolución se le notificó personalmente a la letrada el 31 de mayo de 2017.

El 15 de junio de 2017 la licenciada Acevedo sometió un *Escrito sobre Orden y Brevísima Prórroga* donde nos informó que, previo a vencer el término concedido, se vio obligada a viajar de emergencia fuera de Puerto Rico para atender una situación de salud de su señor padre. Por lo cual, solicitó una prórroga de dos (2) días laborables para cumplir con los asuntos pendientes ante este Foro y el Procurador.

Entre tanto, el 23 de junio de 2017, compareció ante nos el Lcdo. Jayson N. Ramos Pérez asumiendo la representación legal de la licenciada Acevedo. En su escrito, reiteró la situación personal por la que su representada estaba atravesando a causa de los quebrantos de salud de su señor padre y solicitó le concediésemos el término que considerásemos prudente para acatar nuestros requerimientos, así como los del Procurador.

A tono con lo anterior, el 6 de julio de 2017 le concedimos a la letrada un término **final e improrrogable** de diez (10) días para que compareciera ante el Procurador y respondiese a los requerimientos en torno a la queja de referencia. Asimismo, le ordenamos al Procurador informarnos oportunamente si la letrada acató nuestro dictamen. Por último, le advertimos a la licenciada Acevedo que, de incumplir con nuestra orden estaría expuesta a sanciones disciplinarias severas, incluyendo la suspensión de la profesión.

El 25 de julio de 2017 el Procurador sometió una moción en cumplimiento de orden en la que nos informó que no había recibido documento alguno de parte de la licenciada Acevedo en atención a nuestra orden.

## II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX (2012) (Canon 9), exige a los togados "una conducta que se caracterice por el mayor respeto" hacia el tribunal. Como parte de esta obligación, se le requiere a cada abogado que atienda con prontitud y diligencia las órdenes del tribunal, particularmente cuando éstas se emiten como parte de un trámite disciplinario. *In re*: Paolo J. Pérez Román, 2017 TSPR 136, 198 DPR ___ (2017); *In re*: Alexis Alejandro Zúñiga, 2017 TSPR 134, 198 DPR ___ (2017); *In re:* Rosa del M. Latorre Lagares, 2017 TSPR 127, 198 DPR ___ (2017); *In re*: Teresa Jiménez Meléndez, 2017 TSPR 119, 198 DPR ___ (2017).

Acorde con lo anterior, consistentemente hemos dictaminado que la desatención a los mandatos del tribunal representa una afrenta al poder judicial y, por lo tanto, contraviene los preceptos del Canon 9. *In re:* Paolo J. Pérez Román, *supra*; *In re*: Alexis Alejandro Zúñiga, *supra*; *In re:* Roberto Rodríguez Cintrón, 2017 TSPR 130, 198 DPR ___ (2017); *In re:* Rosa del M. Latorre Lagares, *supra*.

De otra parte, hemos destacado que el deber de diligencia impuesto por el Canon 9 se extiende a aquellas entidades que intervienen en los procesos disciplinarios. *In re*: Paolo J. Pérez Román, *supra*; *In re*: Teresa Jiménez

Meléndez, *supra*. Por lo tanto, cónsono con el mandato del Canon 9, los abogados igualmente vienen obligados a responder cabal y oportunamente a los requerimientos del Procurador cuando éste ejerce una labor investigativa asociada al trámite ético. *In re*: Paolo J. Pérez Román, *supra*. Ello debido a que sus funciones "inciden en la fiscalización de la profesión legal". *In re*: Teresa Jiménez Meléndez, *supra*. Consecuentemente, conforme a las normas que gobiernan nuestro régimen deontológico, en estas circunstancias equiparamos la desatención a las comunicaciones del Procurador con el menosprecio de una orden judicial. Por lo tanto, este tipo de conducta contraviene el Canon 9 y resulta igualmente sancionable. *In re*: Paolo J. Pérez Román, *supra*; *In re*: Jaime L. Vázquez Bernier, 2017 TSPR 124, 198 DPR ___ (2017).

Cabe notar que la violación al Canon 9 es independiente de los méritos de la queja. *In re*: Rosa del M. Latorre Lagares, *supra*.

**III**

De los hechos relatados se desprende que, desde que se presentó la queja que nos ocupa, la licenciada Acevedo consistentemente ha faltado a sus obligaciones para con este Tribunal y para con el Procurador a pesar de las advertencias de las consecuencias de no responder. Asimismo, ignoró las múltiples oportunidades que se le han brindado para cumplir con lo requerido. Es menester señalar que, durante el transcurso del trámite ético, ésta nunca respondió a las imputaciones de la queja interpuesta

por la señora Montero.  Por último, luego de solicitar una prórroga ante este Tribunal y de comparecer mediante abogado solicitando tiempo adicional, nuevamente ignoró nuestras órdenes.

Este patrón de desidia no tiene cabida en nuestro ordenamiento ético.  Las obligaciones que derivan del Canon 9 son claras.  Todo abogado debe cumplir diligentemente y a cabalidad con sus responsabilidades tanto para con este Tribunal, así como para aquellos organismos que le asisten en el proceso de investigación de las quejas iniciadas en su contra.  De lo contrario, se exponen a sanciones severas, incluyendo la suspensión de la profesión.

**IV**

De conformidad con el derecho aplicable, así como por la conducta exhibida por la Lcda. Sheila A. Acevedo Álvarez, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía.  Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente.  Además, deberá acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese inmediatamente esta Opinión *Per Curiam* y Sentencia a la señora Acevedo Álvarez a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Sheila A. Acevedo Álvarez          AB-2008-252          Conducta
    (TS-9783)                                              Profesional

SENTENCIA

En San Juan, Puerto Rico a 11 de septiembre de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Sheila A. Acevedo Álvarez del ejercicio de la abogacía.

La señora Acevedo Álvarez deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Asimismo, deberá acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia.

Notifíquese inmediatamente esta Opinión *Per Curiam* y Sentencia a la señora Acevedo Álvarez a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina.

Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo, Interina