EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2018 TSPR 60 |
| Juan C. Villanueva López | 200 DPR ____ |

Número del Caso: AB-2014-55
              (TS-14,464)

Fecha: 12 de abril de 2018

Abogado del promovido:
                    Por derecho propio

Materia: Conducta Profesional – La suspensión será efectiva el 16 de abril de 2018, fecha en que se le notificó por correo al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | |
|---|---|---|
| Lcdo. Juan C. Villanueva López | AB-2014-55 (TS-14,464) | |

*PER CURIAM*

En San Juan, Puerto Rico, a 12 de abril de 2018.

I

El 18 de febrero de 2014, el Sr. Julio Villanueva Nieves (promovente) presentó ante nos una queja contra el Lcdo. Juan C. Villanueva López (licenciado Villanueva López o letrado).[1] De conformidad con el procedimiento dispuesto en la Regla 14(c) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, el 26 de marzo de 2014 la Secretaría de este Tribunal envió una comunicación al letrado concediéndole diez (10) días para exponer su reacción en cuanto a la queja. No obstante, la comunicación fue devuelta por el servicio postal ("Attempted Not known") por lo que se le concedió un

---

[1] La queja fue presentada contra el Lcdo. Juan C. Villanueva López y el Lcdo. Alberto López Rocafort. Mediante Resolución de 23 de febrero de 2018 archivamos la queja en cuanto al licenciado López Rocafort.

El licenciado Villanueva López fue admitido al ejercicio de la abogacía el 23 de enero de 2003. Prestó juramento como notario el 14 de abril de 2003 y su renuncia al ejercicio de la notaría fue aceptada por este Tribunal el 17 de diciembre de 2012.

nuevo término de diez (10) días el 2 de mayo de 2014.  Esta misiva también fue devuelta por el servicio postal ("Wrong Address"). Por ello, se le envió una tercera comunicación el 30 de mayo de 2014.

El 17 de julio de 2014, el licenciado Villanueva López remitió una comunicación a la Secretaría del Tribunal en la que indicó su dirección postal correcta en el estado de California y solicitó un término adicional para contestar la queja presentada.[2] Aunque aceptó haber representado al promovente, expresó que no estaba de acuerdo con lo planteado en la queja con relación a la labor realizada en el caso. En vista de la solicitud de prórroga del licenciado Villanueva López, el 3 de febrero de 2015 se le concedió un término final de diez (10) días para contestar la queja. Sin embargo, el licenciado Villanueva López no compareció. Por ello, mediante una Resolución de 25 de agosto de 2015, notificada el 26 de mayo de 2016,[3] le concedimos al licenciado Villanueva López un término final e improrrogable de cinco (5) días a partir de la notificación de la resolución para contestar la queja. Le apercibimos que su incumplimiento podría conllevar sanciones disciplinarias

---

[2] En particular, el licenciado Villanueva López sostuvo que "el sistema UNIRED no permite el ingreso de la ciudad [en la que reside] entre las opciones bajo el estado de California y la ciudad más cercana a mi dirección es San José. Ciertamente el "zip code" es el que le corresponde a [su ciudad] pero no así a la ciudad de San José y existe la posibilidad de problemas en el recibo de correspondencia".

[3] La Resolución de 25 de agosto de 2015 fue enviada el 31 de agosto de 2015 a una dirección incorrecta por lo que fue notificada el 26 de mayo de 2016 a la dirección que el licenciado Villanueva López nos informara en su comunicación de 17 de julio de 2014.

severas, incluyendo la suspensión del ejercicio de la profesión.

Tras la incomparecencia del licenciado Villanueva López, remitimos el caso de epígrafe a la Oficina del Procurador General para investigación e informe el 7 de febrero de 2017. El 8 de mayo de 2017, la Oficina del Procurador General recomendó imponer al licenciado Villanueva López las más severas sanciones por su incumplimiento con nuestras órdenes durante la tramitación del procedimiento disciplinario.

Así las cosas, el 21 de junio de 2017 emitimos una Resolución otorgándole al licenciado Villanueva López un término de veinte (20) días para expresarse sobre el Informe del Procurador General. En vista de la incomparecencia del letrado, el 23 de febrero de 2018 le concedimos un término de diez (10) días para mostrar causa por la cual no debía ser suspendido del ejercicio de la abogacía. La Resolución fue notificada por correo electrónico, así como por correo certificado el 7 de marzo de 2018. El 12 de marzo de 2018 esta fue recibida en la dirección registrada por el licenciado Villanueva López. Sin embargo, al día de hoy el licenciado Villanueva López no ha comparecido ante nos.

Examinemos entonces las disposiciones éticas aplicables.

## II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que todo abogado deberá observar hacia los

tribunales una conducta que se caracterice por el mayor respeto y diligencia. *In re Espino Valcárcel*, 2018 TSPR 20, 199 DPR __ (2018); *In re Pratts Barbarossa*, 2018 TSPR 5, 199 DPR __ (2018). Asimismo, la naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal. Es por ello que reiteradamente hemos señalado que desatender nuestras órdenes demuestra menosprecio hacia nuestra autoridad e infringe el Canon 9, *supra.* Además, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re Espino Valcárcel*, *supra*; *In re: Cruz Liciaga*, 2017 TSPR 160, 198 DPR ___. De igual forma, la violación al Canon 9 es independiente de los méritos de la queja. *In re: Acevedo Álvarez*, 2017 TSPR 176, 198 DPR __ (2017).

### III

Del expediente disciplinario del licenciado Villanueva López se desprende un reiterado incumplimiento con nuestras órdenes, particularmente con las resoluciones de 25 de agosto de 2015 y 23 de febrero de 2018. Por lo tanto, procede suspenderlo inmediata e indefinidamente del ejercicio de la abogacía. La conducta desplegada por el licenciado Villanueva López refleja una patente falta de interés en continuar ejerciendo la profesión.

IV

Por los fundamentos expuestos, se suspende inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Juan C. Villanueva López. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga asuntos pendientes. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, en el término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia al Sr. Juan C. Villanueva López por correo certificado y correo electrónico, por encontrarse fuera de Puerto Rico.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Juan C. Villanueva López

AB-2014-55
(TS-14,464)

SENTENCIA

En San Juan, Puerto Rico, a 12 de abril de 2018.

Por los fundamentos expuestos, se suspende inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Juan C. Villanueva López. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga asuntos pendientes. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, en el término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia al Sr. Juan C. Villanueva López por correo certificado y correo electrónico, por encontrarse fuera de Puerto Rico.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo