EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Federico O. López Santiago<br>(TS-14,977) | 2018 TSPR 31<br><br>199 DPR ____ |
|---|---|

Número del Caso: CP-2017-16


Fecha: 21 de febrero de 2018

Abogados del querellado:

        Lcdo. José Juan Nazario De la Rosa
        Lcdo. Carlos Gómez Menéndez

Oficina del Procurador General:

        Lcdo. Joseph Feldstein Del Valle
        Sub Procurador General

        Lcda. Yaizamarie Lugo Fontánez
        Procuradora General Auxiliar


Materia: Conducta Profesional – La suspensión del abogado será efectiva el 23 de febrero de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | |
|---|---|---|
| Federico O. López Santiago | CP-2017-16 | |
| TS-14,977 | | |

PER CURIAM

San Juan, Puerto Rico, a 21 de febrero de 2018.

Este caso nos brinda la oportunidad de exhortar a los abogados y abogadas que han incurrido en violación de las normas éticas a que, como el querellado, acepten sus actos voluntariamente; cooperen con la búsqueda de la verdad; asuman su responsabilidad con valentía, y demuestren arrepentimiento de sus actos y que han aprendido de las conductas incurridas. Todo ello, más que perjudicar, es de gran beneficio. En primera instancia, ayuda a agilizar los procesos disciplinarios y no tornarlos adversativos sin necesidad alguna. Sabido es, que en algunas ocasiones las acciones disciplinarias tardan años en resolverse. Al abogado admitir sus errores, fomenta la agilidad de la adjudicación y un uso innecesario de toda la maquinaria judicial. Además, evita la incertidumbre que conlleva el proceso, a la misma vez que colabora a una mejor administración de la justicia. De esa forma, este Tribunal

podría atender cada vez más controversias en los méritos y menos asuntos disciplinarios adversativos.

Examinemos, pues, el trasfondo fáctico y procesal del caso de epígrafe.

**I**

El 2 de septiembre de 2015, la Sra. Mayra Labiosa Herrera (señora Labiosa Herrera o promovente) presentó una queja ante este Tribunal contra el Lcdo. Federico O. López Santiago (licenciado López Santiago o querellado).[1] En ella, señaló que le consultó varios casos, entre ellos, su intención de solicitar la tutela de su madre.[2] Alegó que por los servicios profesionales de todos los casos, el querellado le solicitó la suma de $5,000.00, los cuales prestó. En cuanto al caso de la tutela de su madre, argumentó que el licenciado López Santiago lo presentó en el tribunal, a pesar de que ella le advirtió que no tenía todos los documentos necesarios. Por lo que le requirió

---

[1] El Lcdo. Federico O. López Santiago (licenciado López Santiago o querellado) fue admitido al ejercicio de la abogacía el 13 de julio de 2004 y juramentó como notario el 28 de octubre de 2011.

[2] Entre los otros casos que la Sra. Mayra Labiosa Herrera (señora Labiosa Herrera o promovente) discutió con el licenciado López Santiago están los siguientes: (1) un caso criminal relacionado a una intervención que tuvo la Policía de Guaynabo con ella por alegadamente conducir bajo los efectos de bebidas embriagantes; (2) la posible reclamación de daños y perjuicios contra la Policía de Guaynabo por violación a sus derechos civiles en una intervención; (3) la presentación de un caso bajo la Ley de la Carta de Derechos de la Persona de Edad Avanzada, relacionado a su madre, y (4) una posible reclamación de daños y perjuicios por un accidente de tránsito que sufrió en una ambulancia que transportaba a su madre en un momento dado, causando daños a ambas.

que solicitara la suspensión de la vista señalada, lo cual no hizo. A esos efectos, la vista se llevó a cabo y el querellado no compareció a tiempo, ni realizó alguna otra gestión en el caso.[3]

Por otro lado, indicó que trató de comunicarse en varias ocasiones con el abogado y no pudo contactarlo. En una ocasión, el querellado la citó para una reunión, a la que nunca llegó. Cuando logró reunirse, la señora Labiosa Herrera le informó sobre cuán insatisfecha estaba con el trabajo realizado y la falta de confianza que tenía en él por su limitada comunicación. Por ende, le expresó que quería que le devolviera el dinero de los honorarios prestados y el expediente del caso. A tales efectos, la promovente establece que el licenciado López Santiago se negó, ante tales requerimientos.

En fin, la señora Labiosa Herrera adujo que el querellado infringió los Cánones de Ética Profesional al no tramitar las reclamaciones que se le encomendaron; no mantenerla informada de las gestiones que realizó en los casos y al no entregarle el expediente. Consecuentemente, argumentó que el licenciado López Santiago la estafó,

---

[3] En cuanto al caso sobre la posible reclamación de daños y perjuicios contra la Policía de Guaynabo por violación a sus derechos civiles en una intervención, la señora Labiosa Herrera arguyó que el licenciado López Santiago no lo presentó, ya que él entendía que esa Policía era corrupta. Argumentó, además, que el querellado nunca le consultó sobre esa decisión. Por otro lado, en referencia al caso del accidente en la ambulancia, adujo que el licenciado López Santiago tampoco hizo gestión alguna al respecto.

engañó y timó al tomar el dinero y no realizar el trabajo encomendado.

Tras concederle varios términos para contestar la queja,[4] el querellado compareció y aceptó que la señora Labiosa Herrera le consultó cinco casos,[5] entre ellos, la intención de declarar incapaz a su madre. Particularmente, señaló que en ese caso, después de presentar la petición, la promovente no quería que se le declarara con el poder de administrar los bienes de la madre, sino sólo de su persona. A esos efectos, se negó a proveer un inventario

---

[4]Es importante destacar que, el 11 de septiembre de 2015, la Secretaría de este Tribunal le envió una primera comunicación en la cual se le concedió al licenciado López Santiago diez días para contestar la queja presentada. Al no recibir la contestación, el 7 de diciembre de 2015, se le concedió un término adicional de diez días. Igualmente, no compareció. Por ende, este Tribunal, el 31 de agosto de 2016, emitió una *Resolución* concediéndole un término final e improrrogable de cinco días para presentar la correspondiente contestación. A su vez, se le apercibió que su incumplimiento conllevaría sanciones más drásticas como la suspensión del ejercicio de la abogacía.

[5]En cuanto al caso de la Ley de la Carta de Derechos de la Persona de Edad Avanzada, el querellado sostuvo que era en contra de la hermana de la promovente. A esos efectos, informó que presentó la querella y se emitió una orden de protección. Sin embargo, tiempo después la señora Labiosa Herrera le comunicó que no quería causarle problema a su hermana y solicitó el archivo y desistimiento del caso. En lo concerniente al caso de índole criminal, relacionado a conducir bajo los efectos de bebidas embriagantes, expresó que nunca se presentaron cargos criminales, por lo que no tuvo que acudir al tribunal. Respecto al caso sobre daños y perjuicios por el accidente de la ambulancia, aludió a que la promovente no le proveyó toda la prueba que solicitó, por lo que no pudo presentarlo. Por consiguiente, arguyó que no cobró honorarios. Finalmente, referente al caso de daños y perjuicios contra la Policía de Guaynabo, informó que fue consultado sobre el caso pasado el término de 90 días que dispone la Ley de pleitos contra el Estado. Igualmente, señaló que no cobró honorarios.

de bienes. Ante tal negativa, al pasar más de seis meses sin actividad alguna, se procedió a archivar la petición de incapacidad. Entiéndase, el querellado se defendió de la queja argumentando que el archivo del caso fue por falta de interés de la señora Labiosa Herrera.

Por su parte, con relación a los honorarios pagados, señaló que el dinero prestado por la promovente se dividió de la siguiente manera: $3,000.00 por el caso sobre la Ley de la Carta de Derechos de la Persona de Edad Avanzada; $750.00 por el caso de la declaración de incapacidad de la madre de la promovente, y $1,250.00 por el caso criminal, que aunque no se presentó denuncia, alegó que realizó investigaciones.[6] Finalmente, reconoció que la comunicación con la señora Labiosa Herrera se deterioró; no obstante, arguyó que fue porque ella se comunicaba de forma soez, grosera y en aparente estado de embriaguez. Además, que nunca se negó a entregar el expediente, sino que por la conducta de ella no se había logrado acordar una cita.

Así las cosas, conforme a la Regla 14(d) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 14(d), la Oficina del Procurador rindió el correspondiente informe. Concluyó que el licenciado López Santiago incurrió en posibles violaciones a los Cánones 9, 12, 18 y

---

[6]En la contestación a los requerimientos de la Oficina del Procurador General, el licenciado López Santiago indicó que se equivocó en la contestación a la queja y que lo correcto fue que cobró $3,000.00 por el caso de la petición de incapacidad de la madre de la promovente y $750.00 por el caso de la Ley de la Carta de Derechos de la Persona de Edad Avanzada.

20 de Ética Profesional, 4 LPRA Ap. IX, C. 9, 12, 18 y 20, en la tramitación del caso de petición de incapacidad y al no entregarle a la promovente su expediente. Entendió que, según surge del expediente del caso, el querellado compareció tardíamente a la vista señalada para el 10 de septiembre de 2014. Así también, no surge que haya emplazado a la presunta incapaz, es decir, a la madre de la señora Labiosa Herrera, ni notificó de la petición a la Procuradora de Asuntos de Familia, según se requiere. Además, tampoco compareció a la segunda vista señalada el 29 de octubre de 2014, a pesar que se le comunicó del nuevo señalamiento. Todo ello, causando la desestimación sin perjuicio de la petición de incapacidad solicitada por la promovente.[7]

En consecuencia, la Oficina del Procurador General concluyó que el licenciado López Santiago no fue diligente en la tramitación de la causa de acción y no defendió adecuadamente los intereses de su cliente, ello en

---

[7] La Oficina del Procurador General en su informe también concluyó que existía controversia de credibilidad sobre los acuerdos llegados entre el licenciado López Santiago y la señora Labiosa Herrero. Específicamente, los acuerdos sobre el alcance de la contratación, el pago de honorarios y sobre las gestiones que se comprometió el querellado. Por consiguiente, señaló que esos asuntos podían ser dirimidos por un Comisionado Especial. Sin embargo, entendió que no existía prueba clara, robusta y convincente sobre violación al Canon 18 de Ética Profesional, 4 LPRA Ap. IX, C. 18, en el caso de la reclamación de daños contra la Policía de Guaynabo, en el caso del accidente de tránsito en la ambulancia; en el caso criminal ante la intervención de la Policía de Guaynabo y el caso de la Ley de la Carta de Derechos de la Persona de Edad Avanzada. Adelantamos, que coincidimos con el Procurador General sobre esos aspectos.

contravención a los Cánones 12 y 18 de Ética Profesional, supra. A su vez, razonó que, tomando como cierto lo expresado por el querellado, de que la señora Labiosa Herrera no cooperaba con la tramitación diligente de sus casos, el licenciado López Santiago debió renunciar. Al no hacerlo, estaba obligado a continuar con la representación legal de forma diligente y competente. Por tanto, al no renunciar, infringió el Canon 20 de Ética Profesional, 4 LPRA Ap. IX, C. 20.[8] De igual forma, concluyó que se violó ese canon al no ser diligente en la entrega del expediente.[9]

A su vez, razonó que el licenciado López Santiago infringió los Cánones 9 y 12 de Ética Profesional, supra, al no atender oportunamente los requerimientos de este Tribunal. Ello por contestar la queja un año después de presentada.

_____

[8]Es importante destacar que la Oficina del Procurador General indicó que, según el Canon 19 de Ética Profesional, supra, C. 19, la sentencia es un asunto importante que los abogados deben notificar a sus clientes. No obstante, en el caso del licenciado López Santiago, entendió que no existía prueba clara, robusta y convincente que demostrara que no comunicó la sentencia, y que en consecuencia, infringió el precitado canon. Igualmente, coincidimos con el Procurador General al respecto.

[9]Debemos resaltar que en el Informe de la Oficina del Procurador General se dispuso que, además, no existía prueba clara, robusta y convincente para concluir que hubo violación al Canon 20 de Ética Profesional, supra, C. 20, por estar reteniendo alguna cantidad de dinero por servicios no prestados. Concluyó que existía controversia de credibilidad sobre el alcance de la contratación y la cantidad de dinero acordada. Sobre ello, nuevamente, anticipamos que estamos de acuerdo con el Procurador General.

Luego de este Tribunal concederle una prórroga, el querellado se expresó en torno al informe presentado por la Oficina del Procurador General. Estableció que sobre las violaciones a los Cánones 9 y 12 de Ética Profesional, _supra_, ofrecía sus más sinceras disculpas a este Tribunal por no atender oportunamente sus requerimientos, como a la Oficina del Procurador General. Sin embargo, adujo que la tardanza no fue con desidia ni con ausencia injustificada. Al contrario, arguye que fue un momento de reflexión sobre su conducta, que fue contestada y ha estado disponible para enfrentar el proceso de forma valiente, honesta, sensata y reconociendo los errores. A esos efectos, reconoció que su actuación causó una apariencia de conducta impropia.

En cuanto al caso de la petición de incapacidad, aceptó que la ausencia de una comunicación efectiva por parte de ambas partes, impidió mantener confianza entre ellos. Por consiguiente, reconoció que no debió seguir representando a la señora Labiosa Herrera. Por lo cual, aceptó que conforme al Canon 20 de Ética Profesional, _supra_, debió renunciar a la representación legal y orientarla sobre los asuntos del caso para que pudiera continuar sin el menoscabo que sufrió, entiéndase, la desestimación. Al respecto, expresó que fue un acto lamentable, que lo reconoce y siente vergüenza por ello, máxime, cuando tenía una relación cercana y de vecinos con la promovente. Asimismo, informó que en cuanto a la

violación del Canon 20 de Ética Profesional, supra, por no entregar el expediente de la señora Labiosa Herrera, ya el 23 de febrero de 2017 fue facilitado. Empero, aceptó que debió haberlo entregado antes.[10]

Referente a la violación de los Cánones 12 y 18 de Ética Profesional, supra, el licenciado López Santiago reconoció su falta de diligencia en la tramitación del caso encomendado y que no defendió correctamente los intereses de su cliente. Por ende, expresó su más sincero arrepentimiento, vergüenza y disculpas por los hechos, y admitió que pudo haberlo evitado.[11]

Por último, el querellado pidió que, al admitir los errores cometidos, al momento de ser sancionado sólo se le exija tomar ocho horas créditos adicionales de Ética Profesional. Fundamentó su sugerencia en que aceptó su responsabilidad, demostró su más sincero arrepentimiento, ofreció disculpas, entregó el expediente solicitado, está en diálogo para devolver honorarios no utilizados, goza de buena reputación en la práctica durante los diez años que lleva en la profesión, ha representado como abogado de

---

[10]Asimismo, indicó que en esa reunión acordó con la señora Labiosa Herrera devolverle cierta cantidad de dinero por el trabajo no realizado. Respectivamente, solicitó tiempo adicional.

[11]Con relación a los asuntos que la Oficina del Procurador General hizo referencia a la asignación de un Comisionado Especial para dirimir credibilidad, el querellado expresó que es innecesario por la economía procesal y porque está reconociendo sus errores y faltas.

oficio a clientes, ha sido un abogado respetuoso, entre otros.[12]

Ponderados todos los documentos presentados, el 12 de mayo de 2017 emitimos una Resolución en la cual, de acuerdo con la Regla 14(e) del Reglamento del Tribunal Supremo, supra, ordenamos al Procurador General presentar la correspondiente querella contra el licenciado López Santiago. Al respecto, se presentaron cinco cargos, a saber: (1) violación al Canon 12 de Ética Profesional, supra, al no ser puntual, conciso ni exacto en la tramitación del caso de la petición de incapacidad, y no evitar causar dilación y demoras innecesarias en la tramitación y solución de la misma; (2) violación al Canon 18 de Ética Profesional, supra, al no defender de forma diligente ni competentemente los intereses de su cliente conllevando la desestimación sin perjuicio del caso; (3) violación al Canon 20 de Ética Profesional, supra, al no solicitar al tribunal la renuncia de la representación legal, al abandonar el caso por alegada falta de cooperación o comunicación efectiva con su cliente, así como demorar en entregarle el expediente; (4) infracción del Canon 9 de Ética Profesional, supra, al no cumplir con las órdenes de este Tribunal, y (5) violación al Canon 12

---

[12]El licenciado López Santiago reconoce que tuvo una acción disciplinaria anterior, la cual fue archivada por falta de interés de los promoventes. Sin embargo, este Tribunal lo apercibió de ser más cauteloso y juicioso en su proceder, ya que el querellado aceptó que pudo haber transgredido el Canon 28 de Ética Profesional, supra, C. 28. Véase, *In re:* López Santiago, AB-2015-0012.

de Ética Profesional, supra, al no atender la queja presentada de forma diligente y puntual, ni ser conciso y exacto en la tramitación de la misma, evitando causar dilaciones y demoras innecesarias en los tribunales.

El 17 de julio de 2017 se le ordenó al licenciado López Santiago que, conforme a la Regla 14(f) del Reglamento de este Tribunal, supra, contestara la querella dentro del término de quince días. Después de varias prórrogas,[13] el 2 de enero de 2018 presentó la correspondiente contestación. En síntesis, sostiene los mismos planteamientos que en su contestación al informe de la Oficina del Procurador General.[14]

Con ello en mente, examinemos las disposiciones éticas aplicables.

## II

## A.

El Canon 9 del Código de Ética Profesional, supra, requiere que los abogados y abogadas se conduzcan con el mayor respeto hacia los tribunales. *In re* Acevedo Álvarez, res. el 11 de septiembre de 2017, 2017 TSPR 176, pág. 7 (*Per curiam*); *In re* Vázquez Bernier, res. el 26 de junio de 2017, 2017 TSPR 124, págs. 7-8 (*Per curiam*). Por ello,

---

[13]El 14 de agosto de 2017, emitimos una primera Resolución en la que se le concedió una prórroga de treinta días para contestar la querella. Además, el 15 de septiembre de 2017, se concedió una segunda prórroga de treinta días.

[14]Hay que destacar que en esta ocasión informó que el 1 de mayo de 2017 le devolvió a la promovente los $5,000.00 que le fueron pagados en concepto de honorarios.

hemos exigido que se atiendan "con prontitud y diligencia las órdenes del tribunal, particularmente cuando éstas se emiten como parte de un trámite disciplinario". *In re* Acevedo Álvarez, supra, pág. 7; *In re* Vázquez Bernier, supra, pág. 8. Cónsono con lo anterior, hemos expresado que "desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX". *In re* Abendaño Ezquerro, res. el 26 de julio de 2017, 2017 TSPR 140, pág. 4. Véase, también, *In re* Bello Rivera, 192 DPR 812, 816 (2015) (*Per curiam*). Más aún, esto representa una afrenta al poder judicial. *In re* Acevedo Álvarez, supra, pág. 7; *In re* Vázquez Bernier, supra, pág. 8. Es importante destacar que tal violación se extiende a la dilación injustificada para contestar en el proceso disciplinario. *In re* Cuevas Velázquez, 174 DPR 433, 444 (2008) (*Per curiam*). Toda vez, que causa demoras irrazonables en el trámite de los casos, afectando así la administración de la justicia. Íd. pág. 441; *In re* Hoffman Mouriño, 170 DPR 968 (2007) (*Per curiam*). Por lo cual, se exige que todo letrado responda diligente y oportunamente a los requerimientos y a las órdenes de este Tribunal. *In re* Irizarry Irizarry, 190 DPR 368, 374 (2014) (*Per curiam*).

"Ello es así pues desatender los requerimientos realizados en el curso de un procedimiento disciplinario denota indisciplina, desobediencia, displicencia, falta de

respeto y contumacia hacia las autoridades y revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal". *In re* Jiménez Meléndez, res. el 23 de junio de 2017, 2017 TSPR 119, pág. 5 (*Per curiam*). Por lo cual, al no seguir las órdenes, demuestra tal indiferencia que hemos advertido que puede estar sujeto a sanciones disciplinarias severas, como la suspensión del ejercicio de la profesión. *In re* Abendaño Ezquerro, *supra*, pág. 4; *In re* Jiménez Meléndez, *supra*, pág. 5; *In re* Salas González, 193 DPR 387, 393 (2015) (*Per curiam*). Lo anterior lo hemos fundamentado en que "[l]a naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre conducta profesional". *In re* Ortiz Medina, res. el 2 de mayo de 2017, 2017 TSPR 72, pág. 6 (*Per curiam*). Véase, además, *In re* Bello Rivera, *supra*, pág. 816; *In re* Pacheco Pacheco, 192 DPR 553, 561 (2015) (*Per curiam*).

### B.

Por otra parte, el Canon 12 de Ética Profesional, *supra*, le impone al abogado el deber de tramitar las causas con puntualidad y diligencia. *In re* Irizarry Vega, res. el 25 de agosto de 2017, 2017 TSPR 166, pág. 6 (*Per curiam*); *In re* Nieves Nieves, 181 DPR 25, 35 (2011) (*Per curiam*); *In re* Vélez Lugo, 168 DPR 492, 496 (2006) (*Per curiam*). "Asimismo, impone a los abogados la obligación de

ser responsables en la tramitación de los casos que les son encomendados, para evitar que se entorpezca su resolución". *In re Nieves Nieves*, supra, pág. 35. Específicamente, el Canon citado dispone de la siguiente manera:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente. Canon 12 de Ética Profesional, supra.

De acuerdo a ello, este Tribunal ha expuesto que "la incomparecencia injustificada a las vistas señaladas por el tribunal, así como las actuaciones y omisiones que pongan en riesgo la causa de acción del cliente, son infracciones patentes del Canon 12". *In re Irizarry Vega*, supra, pág. 6; *In re Vázquez Bernier*, supra, pág. 8. De igual modo, señalamos que existe un deber de ser puntual en el trámite de los litigios y el abogado deberá ser diligente en todas las etapas del pleito para evitar dilaciones indebidas. *In re Irizarry Vega*, supra; *In re Nazario Díaz*, 195 DPR 623, 635 (2016) (*Per curiam*).

De otra parte, hemos dispuesto que conforme a ese Canon, los togados deben observar estrictamente las órdenes judiciales, pues de no hacerlo quedarían sujetos a sanciones disciplinarias. *In re Nieves Nieves*, supra, pág. 36; *In re Collazo I*, 159 DPR 141, 148-149 (2003) (*Per*

*curiam*). Y es que desobedecer las órdenes de los tribunales "demuestra una grave infracción a los principios básicos de ética profesional, que exigen el mayor respeto hacia los tribunales". *In re* Nieves Nieves, supra. Ello, pues, los abogados deben ser fieles cumplidores de la ley y el poder judicial. Íd.

Fundamentados en ese Canon, hemos también exigido a los abogados y abogadas a que "respondan con premura todos los requerimientos relacionados con quejas por conducta profesional". *In re* Villalba Ojeda, 193 DPR 966, 974 (2015). Por ello, hemos dicho que se infringe el Canon 12 cuando no se responde a las resoluciones del Tribunal Supremo, ni comparecen a responder una queja que se ha presentado en su contra. *In re* Rodríguez Ruiz, res. el 17 de mayo de 2017, 2017 TSPR 102, pág. 5 (*Per curiam*). Tal actuación, puede conllevar graves sanciones disciplinarias. Íd.; *In re* Hernández Vázquez, 180 DPR 527, 540 (2010) (*Per curiam*); *In re* Arroyo Rivera, 148 DPR 354, 358 (1999) (*Per curiam*).

### C.

El Canon 18 del Código de Ética Profesional, supra, dispone que los abogados tienen el deber de "defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". Por lo cual, "el abogado incurre en una falta al Canon 18 cuando, a pesar de asumir la

representación legal de un cliente, demuestra una capacitación inadecuada o presta una atención indebida a la causa encomendada". *In re Roldán González*, 195 DPR 414, 422 (2016) (*Per curiam*).

Sobre esa indebida atención a los asuntos encomendados, hemos indicado que el abogado está obligado a defender diligentemente y dentro del marco ético los derechos e intereses de su cliente. *In re Roldán González*, supra, pág. 423; *In re Cuevas Borrero*, 185 DPR 189, 199 (2012) (*Per curiam*). Además, requiere un ejercicio de su profesión con celo, cuidado y prudencia. *In re Nazario Díaz*, res. el 4 de agosto de 2017, 2017 TSPR 159 (*Per curiam*), pág. 12; *In re Rivera Nazario*, 193 DPR 573, 582 (2015) (*Per curiam*). Asimismo, se exige que emplee toda su capacidad, lealtad, responsabilidad, efectividad y la más completa honradez. *In re Cuevas Borrero*, supra, pág. 199; *In re Meléndez La Fontaine*, 167 DPR 111, 120 (2006) (*Per curiam*). Por tanto, hemos reafirmado que en la profesión legal no hay espacio para actuar con desidia, despreocupación, displicencia, indiferencia e inacción. *In re Nazario Díaz*, supra, pág. 12; *In re Rivera Nazario*, supra, pág. 583; *In re Díaz Nieves et als.*, 189 DPR 1000, 1012 (2013) (*Per curiam*); *In re Cuevas Borrero*, supra, pág. 199; *In re Nieves Nieves*, supra, pág. 37.

Es por lo anterior, que este Tribunal ha afirmado que "cuando un abogado acepta la encomienda de representar a una persona y no la ejecuta *adecuada y responsablemente*,

incumple con este canon". *In re Rivera Nazario*, supra, pág. 582. "Así también hemos sostenido, sin ambages, que aquella actuación negligente que pueda conllevar, o que en efecto conlleve, la desestimación o el archivo de un caso, se configura violatoria del citado Canon 18". *In re Nieves Nieves*, supra, pág. 37 (citando a *In re Pujol Thompson*, 171 DPR 683, 689 (2007) (*Per curiam*)). Véase, además, *In re Pérez Villanueva*, res. el 18 de agosto de 2017, 2017 TSPR 162, pág. 7 (*Per curiam*); *In re Nazario Díaz*, supra, págs. 12-13. Más aún, constituye violación al precitado canon cuando la falta de diligencia ocasiona la pérdida de una causa de acción. *In re Rivera Nazario*, supra, pág. 583. Además, no es permisible el abandono o desatención de la causa de acción de su cliente. *In re Díaz Rosado*, res. el 13 de junio de 2017, 2017 TSPR 110, pág. 6 (*Per curiam*).

Y es que debemos comprender que cuando el abogado es negligente en su actuar, los intereses del cliente son los verdaderamente afectados. *In re Nieves Nieves*, supra, pág. 38. Es por ello, que "[e]s necesario tener presente que '[e]l cliente confía que en la tarea de guiar sus causas el abogado desplegará sensibilidad, eficiencia y pericia'". *In re Cuevas Borrero*, supra, pág. 199 (citando a *In re Mulero Fernández*, 174 DPR 18, 30 (2008) (*Per curiam*)). Por lo cual, el letrado debe ser diligente, que no es otra cosa, que realizar "las gestiones que le fueron encomendadas en momento oportuno, en forma adecuada y sin

dilaciones que puedan afectar la pronta solución de la controversia". S. Steidel Figueroa, *Ética para juristas: Ética del abogado y responsabilidad disciplinaria*, San Juan, Ediciones SITUM, 2016, pág. 221. Entre las circunstancias específicas que hemos indicado como falta de diligencia están las siguientes: no comparecer a los señalamientos del tribunal; no contestar los interrogatorios sometidos, no informar a las partes sobre la presentación de un perito; desatender o abandonar el caso; permitir que expire el término prescriptivo o jurisdiccional de una acción, o cualquier tipo de actuación negligente que pueda o resulte en la desestimación o archivo del caso. *In re* Irizarry Vega, supra, pág. 8; *In re* Nieves Nieves, supra, pág. 38; *In re* Vilches López, 170 DPR 793, 798 (2007) (*Per curiam*).

**D.**

Por otro lado, el Canon 20 de Ética Profesional, supra, dispone que una vez un letrado comparece en un caso ante el tribunal, debe obtener permiso del mismo para renunciar. Además, es obligatorio que, antes de renunciar, los abogados tomen las medidas razonables necesarias para evitar perjuicio a los derechos de su cliente. Íd.

Sabido es que la relación abogado-cliente está fundamentada en absoluta confianza. *In re* Rivera Ramos, 178 DPR 651, 666 (2010) (*Per curiam*). Por ello, el "abogado debe a su cliente un trato profesional caracterizado por la mayor capacidad, la más devota

lealtad y la más completa honradez". Íd. Al respecto, conforme al Canon 20, este Tribunal ha expresado que cuando "un cliente es negligente y no coopera con su abogado en la tramitación de su caso, el abogado debe renunciar la representación legal. De lo contrario, el abogado no estaría representando adecuadamente a su cliente, lo cual constituye un error de juicio y una violación al Canon 20. . . ". *In re* Montalvo Delgado, 196 DPR 541, 553 (2016) (*Per curiam*). Véase, además, *In re* Vázquez Bernier, supra, pág. 10; *In re* Ramos Hernández, 183 DPR 647, 655 (2011) (*Per curiam*); *In re* Rivera Nazario, supra, págs. 585-586. Como bien hemos expuesto, si hay falta de comunicación que impida al abogado actuar con la diligencia que los cánones requieren, es su deber renunciar en ese momento. *In re* Rivera Ramos, 178 DPR 651, 672 y 676 (2010) (*Per curiam*). Más aún, es una falta ética el no renunciar debidamente a la representación legal de un cliente en un pleito pendiente cuyo resultado de esa acción, la no renuncia, es que se archive el pleito por inacción. *In re* Díaz Santiago, 164 DPR 41, 44 (2005) (*Per curiam*). Ello es así, ya que la renuncia permitiría liberar al letrado de su obligación "cuando discrepancias irreconciliables de criterio con el cliente relativas a la defensa del caso, o insalvable conflicto personal o fricción entre el cliente y el abogado justifiquen la renuncia de éste ante el tribunal para que le sustituya

otro abogado". *In re Coll,* 101 DPR 799, 802 (1973) (*Per curiam*).

De otra parte, si la renuncia es aprobada por el tribunal, "los abogados están obligados a entregarle a su cliente el expediente y todo documento relacionado con el caso". *In re Hernández López,* res. el 10 de febrero de 2017, 2017 TSPR 23, pág. 13(*Per curiam*). Véase, además, *In re Villalba Ojeda,* supra, pág. 975; *In re Suárez Jiménez,* 192 DPR 152, 161-162 (2014) (*Per curiam*). Ello, ya que la causa de acción y el expediente son exclusivos del cliente. *In re García Ortiz,* 187 DPR 507, 520 (2012) (*Per curiam*); *In re Santos Rivera,* 172 DPR 703, 711 (2007) (*Per curiam*). Por lo que, "no debe haber dilación alguna en su entrega una vez el abogado concluye las gestiones para la cuales fue contratado o cuando el cliente solicita dicha entrega". *In re García Ortiz,* supra, pág. 520. Véase, además, *In re García Ortiz,* res. el 12 de junio de 2017, 2017 TSPR 116, pág. 12 (*Per curiam*). De igual forma, está forzado a "reembolsar inmediatamente cualquier cantidad adeudada que le haya sido pagada en honorarios por servicios que no se han prestado". *In re Pestaña Segovia,* 192 DPR 485, 495 (2015) (*Per curiam*) (citando a Canon 20 de Ética Profesional, supra).

A la luz del marco jurídico expuesto, procedemos a evaluar la conducta desplegada por el licenciado López Santiago.

**III**

En este caso, se le imputa al licenciado López Santiago infringir los Cánones 9, 12, 18 y 20 del Código de Ética Profesional, supra. Tras evaluar minuciosamente el escenario fáctico ante nuestra consideración, así como el Informe rendido por la Oficina del Procurador General y las admisiones del querellado, determinamos que éste transgredió los mencionados Cánones.

**A.**

En primera instancia, no albergamos duda que el licenciado López Santiago incurrió en un craso incumplimiento con los postulados de los Cánones 9 y 12 del Código de Ética Profesional, supra, al no cumplir con nuestras órdenes a tiempo. Adviértase, que la Secretaría de este Tribunal ordenó al querellado en dos ocasiones que contestara la queja presentada por la promovente. En las notificaciones, se le apercibió que de no comparecer en el término provisto, la queja sería referida al Pleno del Tribunal para la acción correspondiente. A ambas comunicaciones hizo caso omiso. Por lo cual, tuvimos que emitir una Resolución a los efectos de concederle una tercera y última oportunidad para que compareciera. Además, tuvimos que ordenar la notificación de manera personal. Asimismo, nótese, que se le apercibió que, de incumplir con nuestra orden, se expondría a la suspensión de la abogacía y la notaría. Fue después de todo ese proceso, que compareció ante este Tribunal.

En su comparecencia, esencialmente pidió disculpas por la tardanza. Fundamentó su desidia en que utilizó el tiempo como una oportunidad de reflexionar y repasar los actos para ayudar a enmendar su conducta y así evitarla. Sin embargo, entendemos que, a pesar de lo importante que es esa reflexión para su futuro profesional, no es una razón justificada para no contestar **a tiempo** nuestros requerimientos. Como bien reconoció el licenciado López Santiago, "este tipo de acción disciplinario deben ser atendido con premura, y que las órdenes de este Tribunal Supremo deben acatarse inmediatamente, todo por la sana administración de la justicia, y de auscultar la verdad". Véase, *Moción en asumiendo representación legal y en contestación a la queja*, AB-2015-316, pág. 1. Al así no hacerlo, pretendió echar a un lado nuestros reiterados pronunciamientos sobre el deber y la obligación ineludible de todo abogado de responder diligentemente las órdenes dictadas por este Tribunal y por otros foros. A pesar que compareció, la misma no fue oportuna y requirió tres notificaciones, injustificadas, para que lo hiciera. Ante ello, no nos queda más que concluir que violó los Cánones 9 y 12 de Ética Profesional, supra.

### B.

En cuanto a la imputación del Canon 12 de Ética Profesional, supra, por no ser puntual ni exacto en la tramitación del caso de petición de incapacidad y, además, evitar causar dilaciones y demoras innecesarias en la

misma, convenimos, al igual que la Oficina del Procurador General, que se contravino lo establecido en el Canon 12 de Ética Profesional. Así lo admitió también el propio abogado querellado.

Como se expuso, el querellado se ausentó en dos ocasiones a las vistas señaladas por el Tribunal de Primera Instancia. Del expediente surge que no tuvo excusa justificada para ello. Incluso, el mismo licenciado López Santiago lo reconoció. A su vez, del expediente no surge que emplazó a la madre de la señora Labiosa Herrera ni notificó a la Procuradora de Familia, según se requiere. Así, constituye un hecho irrefutable que el querellado no fue diligente ni responsable en la tramitación de la causa que se le encomendó. Todo lo contrario, su ausencia a las vistas y el incumplimiento con las órdenes emitidas por el tribunal ocasionaron dilaciones innecesarias y, peor aún, que se desestimara sin perjuicio el caso de su cliente.

### C.

En cuanto al Canon 18 de Ética Profesional, supra, el licenciado López Santiago, al representar a la señora Labiosa Herrera, tenía el deber insoslayable de proteger los intereses de ésta y desempeñarse a la altura que requiere la profesión legal. La incomparecencia del querellado a las dos vistas señaladas por el Tribunal de Primera Instancia constituye una violación del Canon 18 del Código de Ética Profesional, supra, como acepta el licenciado López Santiago.

No albergamos duda que, de haber actuado con la diligencia, competencia y responsabilidad que requiere el Canon 18 de Ética Profesional, supra, el licenciado López Santiago habría comparecido a las vistas señaladas. Por consiguiente, debió advertir al tribunal de la animosidad que existía con su cliente y se le hubiera dado tiempo a la promovente para que obtuviera una nueva representación legal. Fue su propia falta de diligencia la que le impidió ejercer una representación adecuada y oportuna, con la consecuencia de que se desestimara la causa sin perjuicio. El querellado, a pesar de que acepta su responsabilidad ética, no puede ahora justificar parte de su falla ética atribuyéndole responsabilidad a la señora Labiosa Herrera por la falta de comunicación e información y la animosidad entre ellos. Tal excusa no nos convence. Si bien la misma promovente acepta tal hecho, incluso que le solicitó al querellado la suspensión de la vista, ello no lo releva de responsabilidad. Máxime, cuando pudo haber renunciado a la representación legal de la señora Labiosa Herrera.

En resumen, una vez surgió la relación profesional con la señora Labiosa Herrera y se presentó el caso en el foro primario, el licenciado López Santiago desatendió el asunto que se le encomendó. Ello fue así, a pesar de la responsabilidad ética que fija el Canon 18 de Ética Profesional, supra. Esa actitud indiferente e incompetente generó en su cliente desconfianza y un gran escepticismo, que lesionó la relación profesional. El descuido, la

irresponsabilidad, la inacción y la imprudencia desplegadas por el licenciado López Santiago en el manejo del asunto que la promovente le delegó son conductas inaceptables, proscritas por el Canon 18 del Código de Ética Profesional, supra, y que se apartan de lo que debe ser una representación legal adecuada.

**D.**

Por último, conforme al Canon 20 de Ética Profesional, supra, hemos sido claros del deber de los abogados de renunciar cuando se enfrentan a un cliente negligente y que no colabora en la gestión de su causa. Por tanto, una vez presentada la acción, el querellado no se podía cruzar de brazos ante la conducta displicente de la señora Labiosa Herrera. En este contexto, no solicitar la renuncia oportunamente ante el Tribunal de Primera Instancia y permitir que se desestimara la acción sin más, constituyó un error de juicio que limitó la adecuada representación de su cliente. Ello conllevó consecuencias adversas al caso de la promovente, proscritas por el Código de Ética Profesional.

De otra parte, tras haberse desestimado la acción, el licenciado López Santiago no entregó a la señora Labiosa Herrera el expediente inmediatamente. Ello, claramente en contradicción a los postulados que establece el Canon 20 de Ética Profesional, supra. A pesar de que el querellado ya demostró que lo entregó, su dilación es suficiente para

que lo disciplinemos. Véase, *In re* Martí Rodríguez, 194 DPR 467, 476 (2016) (*Per curiam*).

En fin, establecido que el licenciado López Santiago infringió los Cánones 9, 12, 18 y 20 del Código de Ética Profesional, supra, procedemos a determinar la correspondiente sanción disciplinaria.

**IV**

Como hemos expresado en reiteradas ocasiones, al momento de imponer la sanción disciplinaria a un abogado que haya incurrido en conducta violatoria del Código de Ética Profesional, supra, evaluamos los siguientes factores: (1) la reputación del abogado en la comunidad; (2) su historial previo; (3) si es su primera falta; (4) si no ha causado perjuicio a alguna parte; (5) la aceptación de la falta y su arrepentimiento sincero; (6) la defensa frívola de su conducta; (7) si se trata de un incidente aislado; (8) si hubo ánimo de lucro, y (9) cualquier otra consideración agravante o atenuante aplicable a los hechos particulares del caso. *In re* Rivera Grau, 196 DPR 522, 539 (2016) (*Per curiam*); *In re* Morell Bergantinos, 195 DPR 759, 765 (2016) (*Per curiam*); *In re* Nazario Díaz, supra, pág. 642; *In re* Irizarry Rodríguez, 193 DPR 633, 668 (2015) (*Per curiam*).

En el caso de autos, tomamos como atenuantes a favor del licenciado López Santiago lo siguiente: (1) que sus actuaciones constituyen su primera falta en el ejercicio

de la profesión;[15] (2) que el querellado aceptó su falta de diligencia hacia los tribunales en la tramitación del caso y en los procedimientos disciplinarios instados en su contra; (3) que expresó sentirse avergonzado y arrepentido por sus actuaciones y se ha disculpado por ello; (4) que entregó el expediente del caso y todos los honorarios cobrados; (5) que la desestimación del pleito fue sin perjuicio, y (6) que incluso la promovente aceptó que no tenía ni le entregó al licenciado López Santiago todos los documentos necesarios para proseguir con el caso.

Nótese, que como indicamos al principio, cuando un abogado reconoce y asume la responsabilidad de su conducta, tomamos ese acto como un atenuante al momento de decidir qué sanción aplicar. Sin lugar a duda, ello es uno de los atenuantes más importantes al momento de determinar qué medida disciplinaria aplicar. Aunque reconocemos que aceptar y asumir su error no necesariamente le exime de responsabilidad, sí advertimos que es un factor de suma importancia para determinar cuán condescendiente debería ser la sanción. Así, exhortamos a todos los togados y togadas que incurran en actuaciones antiéticas a ser valientes, honestos y sensatos, que opten por admitir y

---

[15]Reconocemos que hace apenas más de un año que desestimamos una queja contra el licenciado López Santiago por falta de interés. Sin embargo, es importante destacar que en aquella ocasión le apercibimos que fuera más cauteloso y juicioso en su proceder tras aceptar que pudo haber violado el Canon 28 de Ética Profesional. Véase, *In re* López Santiago, AB-2015-0012.

reconocer sus errores y que demuestren su arrepentimiento de las conductas realizadas.[16]

Por todo lo expuesto, concluimos que procede imponerle al licenciado López Santiago una suspensión de la profesión legal por el término de dos meses.

**V**

Al amparo de los fundamentos que anteceden, suspendemos inmediatamente por el término de dos meses del ejercicio de la abogacía y la notaría al Lcdo. Federico O. López Santiago. Le apercibimos que, de repetirse en un futuro la conducta que dio lugar a esta querella, seremos mucho más severos en nuestra sanción.

En consecuencia, se le impone al señor López Santiago el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo

---

[16]Véase, por ejemplo, *In re* Lebrón González, res. el 8 de junio de 2017, 2017 TSPR 105 (*Per curiam*); *In re* Rivera Grau, 196 DPR 522 (2016) (*Per curiam*); *In re* Toro Imbernón, 194 DPR 499 (2016) (*Per curiam*); *In re* Rivera Nazario, 193 DPR 573 (2015) (*Per curiam*); *In re* Ojeda Martínez, 185 DPR 1068 (2012) (*Per curiam*); *In re* Cuevas Borrero, 185 DPR 189 (2012) (*Per curiam*); *In re* Muñoz Fernós, 184 DPR 679 (2012) (*Per curiam*); *In re* Nieves Nieves, 181 DPR 25 (2011) (*Per curiam*); *In re* Rodríguez Lugo, 175 DPR 1023 (2009) (*Per curiam*); *In re* Vilches López, 170 DPR 793 (2007) (*Per curiam*).

anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia. No hacerlo pudiere acarrear que no se le reinstale cuando lo solicite.

En virtud de su suspensión inmediata y por el término de dos meses del ejercicio de la notaría, la fianza que garantiza sus funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente al Sr. Federico O. López Santiago esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Federico O. López Santiago          CP-2017-16
(TS-14,977)

SENTENCIA

San Juan, Puerto Rico, a 21 de febrero de 2018.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediatamente por el término de dos meses del ejercicio de la abogacía y la notaría al Lcdo. Federico O. López Santiago. Le apercibimos que, de repetirse en un futuro la conducta que dio lugar a esta querella, seremos mucho más severos en nuestra sanción.

En consecuencia, se le impone al señor López Santiago el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia. No hacerlo pudiere acarrear que no se le reinstale cuando lo solicite.

En virtud de su suspensión inmediata y por el término de dos meses del ejercicio de la notaría, la fianza que garantiza sus funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Colón Pérez no intervinieron.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo