EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2018 TSPR 62 |
|---|---|
| Francisco Vázquez Gutiérrez | 200 DPR ____ |

Número del Caso:  TS-1950

Fecha: 18 de abril de 2018

Abogado del promovido:

Por derecho propio.

Programa de Educación Jurídica Continua:

Lcdo. José Ignacio Campo Pérez

Materia:  Conducta Profesional – La suspensión será efectiva el 19 de abril de 2018, fecha en que se le notificó por correo al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Francisco Vázquez Gutiérrez          TS-1950

*PER CURIAM*

En San Juan, Puerto Rico, a 18 de abril de 2018.

En esta ocasión, nos vemos forzados a ordenar la suspensión indefinida de un miembro de la profesión legal -- como medida cautelar -- por violar el Canon 9 del Código de Ética Profesional, infra, al hacer caso omiso a los requerimientos del Programa de Educación Jurídica Continua y las órdenes de este Tribunal.

I.

El Lcdo. Francisco Vázquez Gutiérrez fue admitido al ejercicio de la abogacía el 26 de abril de 1960 y al ejercicio de la notaría el 13 de junio de 1960.[1]

_____

[1] El 26 de septiembre de 2011 suspendimos indefinidamente al licenciado Vázquez Gutiérrez del ejercicio de la notaría en vista de que el Colegio de Abogados de Puerto Rico terminó la fianza notarial por el licenciado Vázquez Gutiérrez incumplir con el pago de la misma. In re Vázquez Gutiérrez, 2011 TSPR 153.

El 20 de abril de 2017 compareció el Programa de Educación Jurídica Continua (PEJC), por conducto del Lcdo. José Ignacio Campos Pérez, Director Ejecutivo del PEJC, y presentó un *Informe sobre incumplimiento con requisito de educación jurídica continua.*

Según el *Informe*, el licenciado Vázquez Gutiérrez no cumplió con los requisitos establecidos en el Reglamento del PEJC durante el periodo de 1 de enero de 2011 a 31 de diciembre de 2012.

El 15 de febrero de 2013 el Programa cursó al licenciado Vázquez Gutiérrez un *Aviso de Incumplimiento*, en donde se le otorgó, entre otras alternativas, un término de sesenta (60) días adicionales para tomar los cursos necesarios para subsanar la deficiencia de créditos y pagar la cuota por cumplimiento tardío que dispone la Regla 30(C) del Reglamento del PEJC.[2]

Transcurrido el término, el PEJC citó al licenciado Vázquez Gutiérrez para una vista informal. Se le advirtió que podía comparecer personalmente o por escrito siempre que ello se hiciera dentro del término de diez (10) días a partir de la notificación de la citación. El licenciado Vázquez Gutiérrez no compareció a la vista informal, ni presentó su comparecencia escrita. Luego de varios trámites posteriores, la Junta de Educación Continua refirió el asunto a este Tribunal.

Examinado el *Informe*, el 30 de mayo de 2017 este

---

[2] El Servicio Postal de los Estados Unidos devolvió la notificación de este aviso por el siguiente fundamento: "Return to sender; vacant; unable to forward".

Tribunal emitió una Resolución en donde se le concedió al licenciado Vázquez Gutiérrez un término de veinte (20) días para comparecer y mostrar causa por la cual no se le debía suspender del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.[3]

En vista de que el licenciado Vázquez Gutiérrez no contestó nuestra Resolución de 30 de mayo de 2017, el 18 de septiembre de 2017 emitimos otra Resolución mediante la cual le concedimos al licenciado Vázquez Gutiérrez un término final de diez (10) días para comparecer y mostrar causa por la cual no se le debía suspender del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua. En esa ocasión, se ordenó la notificación personal de nuestro dictamen.

El 22 de diciembre de 2017 la Oficina de Alguaciles nos devolvió el diligenciamiento negativo. Según el informe que entregaron, al acudir a la dirección del licenciado Vázquez Gutiérrez, los alguaciles encontraron una residencia en total abandono. Por tanto, procedieron a indagarle a varios vecinos sobre el licenciado Vázquez Gutiérrez. Un vecino indicó que hacía dos (2) años que la residencia estaba abandonada, mientras que otro aseveró que había escuchado que el licenciado Vázquez Gutiérrez se encontraba encamado en Ponce debido a unas condiciones médicas.

---

[3] El Servicio Postal de los Estados Unidos devolvió también la notificación de esta Resolución por el mismo fundamento: "Return to sender; vacant; unable to forward".

## II.

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, requiere que todo abogado y abogada observe ante los tribunales una conducta que se caracterice por el mayor respeto. In re Lee Navas, 2017 TSPR 208, 9, 198 DPR ___ (2017). Así, hemos reiterado que procede suspender a un abogado del ejercicio de la profesión legal cuando este no responde a nuestras órdenes oportuna y diligentemente porque "ello demuestra indiferencia a nuestros apercibimientos y una violación del Canon 9". Íd., pág. 10; In re López Santiago, 2018 TSPR 31, 12, 191 DPR ___ (2018).

Además, el deber de respeto a los tribunales del Canon 9 se extiende a, entre otras entidades, el Programa de Educación Jurídica Continua. In re González López, 2018 TSPR 26, 3, 199 DPR ___ (2018). Por tanto, viola el Canon 9 el abogado o la abogada que desatiende los requerimientos del PEJC.

## III.

Según expuesto, el licenciado Vázquez Gutiérrez incumplió con los requerimientos del PEJC y las órdenes de este Tribunal. Esto, a pesar de haber tenido varias oportunidades para responder oportunamente a los mismos y de que se le apercibió sobre las implicaciones de su incumplimiento. Dicha conducta denota una violación al Canon 9 del Código de Ética Profesional, supra.

En vista de lo anterior, así como de las aseveraciones

hechas sobre su aparente estado delicado de salud, se decreta la suspensión inmediata e indefinida del licenciado Vázquez Gutiérrez como medida cautelar. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá además informar inmediatamente de su suspensión a los foros judiciales y administrativos en que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Publíquese.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Francisco Vázquez Gutiérrez                TS-1950

SENTENCIA

En San Juan, Puerto Rico, a 18 de abril de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Francisco Vázquez Gutiérrez del ejercicio de la abogacía como medida cautelar.

Se le impone el deber de notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá además informar inmediatamente de su suspensión a los foros judiciales y administrativos en que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo