EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Benancio Santana Rabell | 2019 TSPR 4<br><br>201 DPR ____ |

Número del Caso:  AB-2013-506
                  (TS-5,951)

Fecha: 17 de diciembre de 2018

Abogado del peticionario:

              Por derecho propio

 Oficina del Procurador general:

              Lcdo. Joseph Feldstein del Valle
              Subprocurador General

              Lcda. Minnie H. Rodríguez López
              Procuradora General Auxiliar

Materia:  Conducta Profesional- La Suspensión será efectiva el 23 de enero de 2019, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:                                    AB-2013-0506
Benancio Santana Rabell
TS-5,951

**PER CURIAM**

En San Juan, Puerto Rico, a de 17 de diciembre de 2018.

Nos toca ejercer nuestro poder disciplinario y decretar la suspensión del Lcdo. Benancio Santana Rabell de la práctica de la abogacía por inobservar nuestros requerimientos.

Enunciaremos el marco fáctico que acarreó este proceder.

**I**

El licenciado Santana Rabell fue admitido a la profesión legal el 1 de noviembre de 1978. La disputa ante nos aconteció porque el Sr. Juan Maldonado Santiago incoó una queja en la cual adujo que, cuatro años atrás, contrató los servicios profesionales del letrado para que efectuara unas

escrituras que este nunca culminó. Esbozó que, a cambio de esa labor se le entregó al licenciado Santana Rabell las sumas de $ 750, $ 800 y $ 500.

Tras múltiples trámites procesales, la Oficina de Inspección de Notaría (ODIN) rindió un informe en el cual sugirió que suspendiéramos al letrado de la práctica notarial, refiriéramos a la consideración del Procurador General una controversia en cuanto a las existencia de unas firmas de partes que no comparecieron a una escritura de segregación autorizada por el licenciado Santana Rabell y ordenáramos que este reembolsara tanto los honorarios facturados por trabajos no completados, así como los documentos que tuviera en su poder.

En vista de ello, otorgamos al letrado un término de veinte días para que se expresara sobre el aludido informe. Dado que el licenciado Santana Rabell no compareció, el 17 de marzo de 2017 lo suspendimos inmediata e indefinidamente del ejercicio de la notaría. Además, sometimos al Procurador General la controversia de las firmas y concedimos al letrado un plazo de treinta días para que nos evidenciara que devolvió a la parte promovente tanto los honorarios como los documentos que tenía en su custodia.

Luego de la suspensión, el Director de ODIN nos remitió una *Moción de Reconsideración* que el licenciado Santana Rabell remitió a ese ente. En ésta, y en resumen, esbozó que estaba atravesando por una condición de salud por lo que tuvo que trasladarse al estado de Florida y que

se había mantenido en comunicación con el promovente. Solicitó, también, que le brindáramos la oportunidad de atender la queja. Además, el 4 de abril de 2017 el nuevo representante legal del letrado presentó una *Moción asumiendo representación legal y de prórroga*. Adujo que no había podido examinar el expediente por lo que solicitó un término de diez días para replicar las resoluciones emitidas por este Tribunal. Accedimos al pedido y concedimos el plazo peticionado.

Así las cosas, el 6 de julio de 2017 el Procurador General remitió su informe en el cual consignó que el letrado entregó al promovente $600, pero que aún tenía que devolver $650, monto que la esposa de este se comprometió a satisfacer. Manifestó que la queja y los documentos apuntaban a que el licenciado Santana violó los Cánones 18 y 23 de Ética Profesional. Asimismo, expresó que la aparición de unas firmas de los herederos, que las partes señalan que no comparecieron, en una escritura de segregación constituía un atentado contra la validez y confiabilidad del documento notarial y evidencia de conducta indebida. En consideración a esto, recomendó que (1) ordenáramos al abogado a devolver el dinero que adeudaba; (2) mantuviéramos su suspensión de la profesión notarial; y (3) lo censuráramos enérgicamente.

El 10 de julio de 2017 el licenciado Santana presentó una solicitud de prórroga de diez días para cumplir con nuestra orden del 11 de abril de 2017. Informó, además, que

"a pesar de los esfuerzos realizados y del interés del compareciente en dar cumplimiento oportuno a la Resolución del 11 de abril de 2017, éste no pudo hacerlo". Cabe destacar que, en la mencionada resolución, hicimos referencia a otra resolución del 31 de enero de 2017 donde le ordenamos que se expresara sobre el informe de ODIN.

Finalmente, el **29 de octubre de 2018** notificamos una resolución donde ordenamos el licenciado Santana Rabell que, **en un término final e improrrogable de quince días**, se expresara sobre el *Informe del Procurador General* y acreditara que devolvió a la parte promovente los honorarios que recibió por las labores no completadas, así como los documentos que tenía en su custodia. Advertimos que el incumplimiento con nuestra orden conllevaría sanciones severas, incluso la suspensión inmediata e indefinida de la profesión legal.

Esbozado el cuadro fáctico, discutiremos las normas que le aplican.

## II

Como parte de nuestro poder inherente para regular la profesión de la abogacía en Puerto Rico, tenemos que asegurarnos que sus componentes empleen sus funciones de forma responsable, competente y diligente.[1] A través del Código de Ética Profesional erigimos las normas mínimas de

---

[1] *In re Oyola Torres*, 194 DPR 437 (2016); *In re Vera Vélez*, 192 DPR 216, 226 (2015).

conducta que los abogados y las abogadas que ejercen la ilustre profesión deben desplegar.[2]

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, es una de las disposiciones de mayor envergadura pues requiere que los letrados se conduzcan respetuosamente hacia los tribunales de justicia.[3] En lo pertinente, preceptúa que todo "abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".[4]

Hemos dispuesto que la naturaleza de la función de la abogacía requiere que se emplee estricta atención y obediencia a las órdenes de esta Curia, o de cualquier foro judicial que los letrados estén obligados a comparecer.[5] En otras palabras, los miembros de la clase togada tienen que respetar, acatar y responder de forma diligente nuestros requerimientos. Especialmente cuando se trata de asuntos relacionados con su conducta profesional.[6]

El incumplimiento de un miembro de la profesión legal con las órdenes de este Tribunal demuestra un claro menosprecio hacia nuestra autoridad.[7] La desatención a las órdenes judiciales no se puede tomar de manera liviana ya

---

[2] *In re Guemárez Santiago*, 191 DPR 611, 617-618 (2014); *In re Falcón López*, 189 DPR 689 (2013).

[3] *In re Federico O. López Santiago*, 2018 TSPR 31, en la pág. 11, 199 DPR ___ (2018); *In re Shirley Vélez Rivera*, 2018 TSPR 4, en la pág. 6, 199 DPR ___ (2018).

[4] 4 LPRA Ap. IX. C. 9.

[5] *In re García Ortiz*, 187 DPR 507, 524 (2012).

[6] *In re Federico O. López Santiago*, 2018 TSPR 31, en la pág. 12, 199 DPR ___ (2018), *In re Rivera Sepúlveda*, 192 DPR 985, 988 (2015); *In re Irizarry Irizarry*, 190 DPR 368, 375 (2014).

[7] *In re Irizarry Irizarry*, *supra*, pág. 374; *In re De León Rodríguez*, 190 DPR 378, 390-391 (2014).

que constituye un serio agravio a la autoridad de los tribunales.[8] Por tal razón, la indiferencia a nuestros apercibimientos sobre sanciones disciplinarias es causa suficiente para la suspensión inmediata e indefinida de la práctica de la abogacía.[9]

Plasmado el marco jurídico que aplica a los hechos del caso, pasemos a resolver.

### III

Como mencionamos, el año pasado el licenciado Santana Rabell peticionó una prórroga de diez días para cumplir nuestros requerimientos. El 29 de octubre de 2018 le dimos la oportunidad para que acreditara su observancia con nuestras órdenes. Sin embargo, no compareció. Su desatención es suficiente para separarlo inmediata e indefinidamente de la profesión legal.

### IV

Por los fundamentos expuestos suspendemos inmediata e indefinidamente al señor Santana Rabell de la práctica de la abogacía. Este viene obligado a poner en conocimiento a todos sus clientes sobre su inhabilidad de seguir representándolos y debe restituir los honorarios recibidos por las labores no ejecutadas, así como los documentos que tenga bajo su custodia. Además, tendrá que comunicar su suspensión a todos los foros judiciales y administrativos

---

[8] *In re Christine M. Pratts Barbarossa*, 2018 TSPR 5, en la pág. 6, 199 DPR ___ (2018); *In re Planas Merced*, 195 DPR 73, 77 (2016).

[9] *In re Figueroa Cortés*, 196 DPR 1, 3 (2016); *In re López González*, 193 DPR 1021 (2015); *In re Irizarry Irizarry*, *supra*; *In re Vera Vélez*, *supra*, pág. 227; *In re Toro Soto*, 181 DPR 654, 660 (2011); *In re Martínez Sotomayor I*, 181 DPR 1, 3 (2011).

de Puerto Rico en los cuales tenga algún asunto pendiente. También tiene que acreditar y certificar a esta Curia el cumplimiento de lo anterior dentro de un periodo de treinta días una vez notificada la Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Benancio Santana Rabell

TS-5,951

AB-2013-0506

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de diciembre de 2018.

Por los fundamentos enunciados en la Opinión *Per Curiam* que precede y se hace formar parte de la presente Sentencia, suspendemos inmediata e indefinidamente al señor Benancio Santana Rabell de la práctica de la abogacía. Este viene obligado a poner en conocimiento a todos sus clientes sobre su inhabilidad de seguir representándolos y debe restituir los honorarios recibidos por las labores no ejecutadas, así como los documentos que tenga bajo su custodia. Además, tendrá que comunicar su suspensión a todos los foros judiciales y administrativos de Puerto Rico en los cuales tenga algún asunto pendiente. También tiene que acreditar y certificar a esta Curia el cumplimiento de lo anterior dentro de un periodo de treinta días una vez notificada la Opinión *Per Curiam* y Sentencia.

Notifíquese inmediatamente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

José I. Campos Pérez
Secretario del Tribunal Supremo